**TEXAS STATE BOARD OF PHARMACY et al., Appellants,**

v.

**WALGREEN TEXAS CO. et al., Appellees.**

No. 12245.

Court of Civil Appeals of Texas, Austin.

March 12, 1975.

Rehearing Denied April 2, 1975.

---

John L. Hill, Atty. Gen., John C. Madison, III, Asst. Atty. Gen., Austin, for appellants.

Richard Craig, Edward C. Small, Small, Craig & Werkenthin, Austin, for appellees.

SHANNON, Justice.

This is an appeal taken from a temporary injunction entered by the district court of Travis County enjoining appellants, Texas State Board of Pharmacy and its secretary, from cancelling certain permits. Appellees are Walgreen Texas Co., Walgreen Drug Company of Texas, Walgreen, Inc., Walgreen Wichita Falls Company, and Marvin Drug Company. In this opinion the State Board of Pharmacy will usually be referred to as the "Board" or "appellant."

The appellees filed this cause as a declaratory judgment action seeking a determination that Vernon's Tex.Rev.Civ.Stat. Ann. Art. 4542a, §§ 17(d)(3) and 20A be declared unconstitutional. Appellees also sought ancillary relief by way of temporary and permanent injunction.

Section 20A provides, among other things, that a licensed pharmacy shall display a prescribed type of poster containing the one hundred most prescribed drugs in Texas and the maximum charges for prescription drugs, including the various charges for services which the pharmacy does and does not include with the posted maximum charges.

Section 20A

"(d) No notice or advertising to the general public shall contain promotional claims or statements comparing, either directly or indirectly, the charges either listed or otherwise charged for specific prescription drugs or prescription drugs generally, with the charges either listed or otherwise charged for specific prescription drugs generally by any other pharmacist or pharmacy; and provided, further, that no such notice shall contain any claims or statements comparing, either directly or indirectly, the professional services or nonprofessional convenience services provided the public by any other pharmacist or pharmacy; nor shall any pharmacy publish or display or cause or permit to be published or displayed in any newspaper or by radio, television, window display, poster, sign, billboard or any other means or media any statement or advertising concerning prescription medication which is fraudulent, deceitful or misleading, including statements or advertisements of bait, discounts, premiums, price, gifts or any statement or advertisements of a similar nature, import or meaning, or any statement or advertisement of or reference to the price of prescription medication except in compliance with this Act."

Section 20A, subd. II(e) states that the State Board of Pharmacy, may, in its discretion cancel, revoke or suspend the operation of any pharmacy permit granted under Section 17 of the Act if the Board finds that the pharmacy has failed to comply with any of the provisions of Section 20A, subd. II(d).

Section 17(a), in general, allows for the issuance of permits for the operation of retail pharmacies. Under Section 17(d)(3) the State Board of Pharmacy may cancel, revoke or suspend a permit if a permittee has ". . . in any manner advertised his selling price for any drug or drugs which bear the legend: 'Caution: Federal law prohibits dispensing without prescription.'"

The appellees operate fifty-nine retail drugstores in Texas pursuant to permits issued by the Board. Appellees pleaded that they utilize in those stores a price book which contains retail prices of prescription drugs according to trade and generic names. They alleged further that they ". . . utilize advertisement about retail prices of prescription drugs and of the other services. The advertisement enables the prescription drugs listed therein [in the book] and of the other services in the store."

The appellees were notified that use of their price book violated Section 20A. In September of 1974, the Secretary of the Board charged the fifty-nine drugstores with committing acts in violation of Art. 4542a. The appellees were served with notices of a hearing to show cause why the permits to operate those stores should not be canceled. The charges lodged by the Board were that appellees had displayed a price book in a format not authorized by the Board; that such book contained other prescription drugs than the 100 most prescribed in Texas; and that the said book failed to list services which the pharmacy does include or does not include in the posted charges.

As stated, appellees' position was that the applicable portions of Art. 4542a were unconstitutional. Specifically, appellees alleged that Sections 17(d)(3) and 20A were unconstitutional as a denial of equal protection of the laws in violation of the 14th Amendment of the Constitution of the United States and Art. I, Sections 3 and 19 of the Constitution of Texas, Vernon's Ann.St. as a violation of the 1st Amendment of the Constitution of the United States and Art. 1, Section 8 of the Constitution of Texas; and as a violation of Art. 3, Section 35 of the Constitution of Texas.

In addition to the testimony adduced at the hearing on the temporary injunction, the parties entered into a stipulation that evidence taken in a previous hearing in the same cause showed that irreparable and immediate harm would ensue to appellees if appellants were not restrained. The parties stipulated further that the court could have reasonably concluded, based upon that evidence, that irreparable and immediate harm would have resulted to appellees if appellants had not been enjoined.

After hearing, the district court entered a temporary injunction enjoining appellants from ". . . revoking, cancelling, failing to renew or threatening in any manner the permits of the [appellees] or the license of any pharmacist connected with such pharmacy. . . ." We will affirm that judgment.

Appellants contend error by two points: (1) the appellees had not exhausted their administrative remedies before seeking injunctive relief, and (2) the temporary injunction destroyed, rather than preserved, the *status quo*.

The doctrine of exhaustion of administrative remedies has been described as ". . . the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbldg. Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), Texas Air

Control Board v. Travis County, 502 S.W. 2d 213 (Tex.Civ.App.1973, no writ). That doctrine is well established in the jurisprudence of administrative law, McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), and has long been recognized in Texas.[1]

■ The principle of exhaustion of administrative remedies, like many judicial doctrines, is subject to exceptions. In those cases wherein the exhaustion of administrative remedies will cause irreparable injury, or wherein administrative remedies are inadequate, or wherein the agency's action is unconstitutional or beyond its jurisdiction or clearly illegal, the principle is sometimes relaxed. Texas Air Control Board v. Travis County, *supra*, University of Texas: Davis, "Administrative Law Doctrines," 28 Texas L.Rev. 168 (1949), University of Texas: Marschall, "Timing of Judicial Review," 33 Texas L.Rev. 701 (1955), see Texas State Board of Examiners in Optometry v. Carp, 162 Tex. 1, 343 S.W.2d 242, 247 (1961).

■ Administrative agencies have no power to determine the constitutionality of statutes. Accordingly, there is no sound reason for forcing a litigant through the administrative process when in good faith he is advancing a substantial complaint that the statute that he is charged with violating is unconstitutional. The futility of requiring the exhaustion of administrative remedies in such cases is apparent. It is for this reason that exhaustion may be excused wherein substantial constitutional questions are involved. See Foree v. Crown Central Petroleum Corporation, 431

S.W.2d 312, 316 (Tex.1968), Kavanaugh v. Underwriters Life Ins. Co., 231 S.W.2d 753 (Tex.Civ.App.1950, writ ref'd). 2 Cooper, State Administrative Law 579 (1965).

■ An examination of the judgment and the statement of facts shows that neither the court nor the parties viewed the hearing on the temporary injunction as one for a full determination of the constitutional issues. The judgment made clear that the court was not passing upon the merits of the constitutional issues. In the hearing on the temporary injunction it was not necessary for appellees to establish that they would finally prevail in their contention that the statutes were unconstitutional. From the pleadings and the evidence the trial court was convinced that appellees' constitutional contentions were bona fide and that irreparable harm would ensue to appellees in the event appellants were not enjoined. See Texas Foundries v. International Moulders & F. Wkrs., 151 Tex. 239, 248 S.W.2d 460 (1952).

■ We will overrule appellants' contention that the temporary injunction destroyed rather than preserved the *status quo*. The *status quo* which appellees sought to protect was that condition which obtained immediately prior to the entry of the order. See Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (1953). At that time appellees had permits to operate fifty-nine drugstores and were there displaying their price books.

The judgment is affirmed.

1. In Texas, the concept of exhaustion of administrative remedies often has been referred to in terms of availability of an appeal only in the instance of a "final" administrative order. See Sproles Motor Freight Line v. Smith, 130 S.W.2d 1087 (Tex.Civ.App.1939, writ ref'd), Sun Oil Company v. Railroad Commission of Texas, 158 Tex. 292, 311 S.W. 2d 235 (1958), Texas State Board of Examiners in Optometry v. Carp, 162 Tex. 1, 343 S.W.2d 242, 246 (Tex.1961). In other cases, the doctrine has been identified more conventionally as exhaustion of administrative remedies. See Amalgamated Association v. McDowell, 150 S.W.2d 866 (Tex.Civ.App. 1941, no writ), James v. Consolidated Steel Corporation, 195 S.W.2d 955 (Tex.Civ.App. 1946, writ ref'd n. r. e.).