**ENRE CORPORATION, Appellant**

v.

**RAILROAD COMMISSION
OF TEXAS, Appellee.**

No. 3–92–497–CV.

Court of Appeals of Texas,
Austin.

March 31, 1993.

Molly A. Hedrick, San Antonio, for appellant.

Dan Morales, Atty. Gen. by Joe Foy, Asst. Atty. Gen., Austin, for appellee.

Before POWERS, KIDD and BEA ANN SMITH, JJ.

BEA ANN SMITH, Justice.

EnRe Corporation ("EnRe") appeals from a district-court judgment dismissing its suit for judicial review of a Railroad Commission ("the Commission") order assessing civil penalties and requiring EnRe to plug four oil wells. Concluding that the statutory provisions authorizing the dismissal are unconstitutional, we will reverse the judgment of the district court and remand the cause for judicial review of the Commission's order.

## THE CONTROVERSY

Following a public hearing, the Commission issued its final order in Oil and Gas Docket No. 1–92264 on July 23, 1990. The order required EnRe to plug four wells in Zavala County and to pay an administrative penalty of $8,000. The Commission denied EnRe's timely motion for rehearing on August 26, 1990. EnRe timely complied with all the prerequisites for judicial review of the Commission's order except one: EnRe failed to make a cash deposit or post bond to cover the penalty assessed. *See* Tex. Nat.Res.Code Ann. § 81.0533(b) (West Supp.1993) (the "Code"). EnRe filed its petition for judicial review pursuant to section 19 of the Administrative Procedure and Texas Register Act ("APTRA") on September 26, 1990. *See* Tex.Rev.Civ.Stat. Ann. art. 6252–13a, § 19 (West Supp.1993). In response to the Commission's plea to the jurisdiction based on EnRe's failure to prepay the penalty as a prerequisite to judicial review, the district court dismissed the cause. On appeal, EnRe advances three points of error, two points attacking the dismissal on constitutional grounds, and the third asserting that the trial court had an independent basis for jurisdiction over EnRe's claims.

## DISCUSSION

### Waiver

Before reaching the merits of EnRe's constitutional challenges to section 81.0533 of the Code, we must address the Commission's argument that EnRe waived those challenges by failing to present them in its motion for rehearing before the Commis-

sion. We believe this contention is without merit.·

■ APTRA provides that, except in the case of emergency orders issued by the agency, "a motion for rehearing is a prerequisite to an appeal." APTRA § 16(e). This prerequisite is jurisdictional and cannot be waived by action of the parties. *Lindsay v. Sterling,* 690 S.W.2d 560, 563 (Tex.1985). A motion for rehearing must be sufficiently definite to apprise the agency of the error claimed and to allow the agency the opportunity to correct the error or to prepare to defend it. *Suburban Util. Corp. v. Public Util. Comm'n,* 652 S.W.2d 358, 365 (Tex.1983). An assumption underlying the specificity requirement is that the agency has the power to rectify the errors of which the party complains. By its constitutional challenges to section 81.0533, however, EnRe seeks relief that the Commission is not empowered to give. *See Texas State Bd. of Pharmacy v. Walgreen Tex. Co.,* 520 S.W.2d 845, 848 (Tex.Civ. App.—Austin 1975, writ ref'd n.r.e.) (administrative agencies lack authority to determine constitutionality of statutes). Hence, no sensible reason exists for requiring EnRe to have included those challenges in its motion for rehearing, and we decline the Commission's invitation to hold otherwise.

■ The Commission argues, additionally, that because EnRe did not raise its constitutional claims within thirty days of the date on which the Commission denied EnRe's motion for rehearing, the trial court lacked jurisdiction to consider them. We understand the Commission to mean that a plaintiff in a suit for judicial review of an agency's final order may not amend its original petition to plead additional causes of action within the trial court's subject-matter jurisdiction. The Commission cites no direct authority for this novel proposition, nor is this Court aware of any. APTRA section 19(b) states only that

"[p]roceedings for review are *instituted* by filing a petition within 30 days after the decision complained of is final and appealable." APTRA § 19(b) (emphasis added). Neither APTRA nor the cases construing it require the petition instituting review proceedings to be in its final form at the time of filing. Therefore, we reject the argument that APTRA's thirty-day time limit for bringing suit for judicial review precludes a party from amending its pleadings to include non-APTRA causes of action and conclude that EnRe did not waive its constitutional challenges to section 81.0533 of the Code. We turn now to the merits of EnRe's arguments on appeal.

## Open Courts

■ EnRe directs its constitutional attacks against the penalty-payment and judicial-review schemes established in section 81.0533 of the Code. By its first point of error, EnRe argues that the prepayment provision of section 81.0533 violates the open courts provision[1] of the Texas Constitution by unreasonably restricting access to the courts. We agree.

When the Commission assesses an administrative penalty, the person charged with the violation must either pay the penalty or file suit for judicial review in district court. Code § 81.0533(b). A supersedeas bond or a cash deposit paid into an escrow account, in the full amount of the penalty, is a prerequisite to judicial review. *Id.* A party who fails to make a cash deposit or to post a bond forfeits all rights to judicial review. *Id.* § 81.0533(d) (West Supp.1993).

Recently faced with constitutional challenges to identical prepayment and forfeiture provisions in the Clean Air Act[2] and the Water Code,[3] the Texas Supreme Court held that the legislature cannot require prepayment of administrative penalties as a prerequisite to judicial review. *Texas*

---

1. The open courts provision states in part: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." Tex. Const. art. I, § 13.

2. *See* Tex.Health & Safety Code Ann. §§ 382.-089(a)–(c); 361.252(k)–(m) (West 1992).

3. *See* Tex.Water Code Ann. § 26.136(j), (k) (West 1988).

*Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 449–50 (Tex.1993); *see also State v. Flag–Redfern Oil Co.*, 852 S.W.2d 480, 485 (Tex.1993) (holding Tex. Nat.Res.Code § 52.137(a) (West Supp.1993) violated Tex. Const. art. I, § 13, the open courts provision). Because sections 81.-0533(b) and (d) of the Code are identical to the provisions at issue in *Texas Association of Business*, the holding in that case controls here.

■ At oral argument, the Commission defended the prepayment and forfeiture provisions on the same basis that the state did in *Texas Association of Business*—that a penalty packs less deterrent force if a violator can forestall payment through protracted appeals. Although we may agree with the logic of this argument, we reject its relevance in this context given the Code's enforcement mechanism. The Code nowhere suggests that a suit for judicial review stays execution of an order. Indeed, APTRA section 19(b)(3) expressly provides that a suit for judicial review does not affect the enforcement of an agency order. Rather, the attorney general, at the Commission's request, may bring a civil action to enforce the order and recover penalties. Code § 81.0534. Because the Commission may seek enforcement of its order regardless of whether an appeal is pending, the only apparent rationale for the prepayment and forfeiture provisions is to deter appeals. Although the state may legitimately require a party to prepay the penalty or post bond if the party wishes to stay execution of the order during appeal, conditioning judicial review on such requirements does not comport with the open courts provision. *Texas Ass'n of Business*, 852 S.W.2d 450. Accordingly, we declare section 81.0533(b) of the Code unconstitutional insofar as it requires a supersedeas bond or cash deposit as a prerequisite to judicial review. We further declare section 81.0533(d) of the Code, the forfeiture provision, unconstitutional. We sustain EnRe's first point of error.

**Jury Trial**

By its second point of error, EnRe argues that the manner of judicial review set forth in the Code violates EnRe's right to a jury trial as guaranteed by the Texas Constitution.[4] Section 81.0533(e) of the Code provides that judicial review of a penalty assessed under section 81.0531 is by the substantial-evidence rule. Because the manner of review does not include a jury trial, EnRe insists its constitutional rights are infringed.

■ Our constitution assures a trial by jury in those actions, or analogous actions, tried to a jury at the time the 1876 constitution was adopted. *E.g., State v. Credit Bureau*, 530 S.W.2d 288, 291 (Tex.1975). A jury trial is not required for any other judicial proceedings. *Hickman v. Smith*, 238 S.W.2d 838, 839 (Tex.Civ.App.—Austin 1951, writ ref'd). The supreme court observed in *Credit Bureau* that judicial review of administrative orders does not fall within the group of adversary proceedings for which a jury trial is constitutionally mandated. *Credit Bureau*, 530 S.W.2d at 293 (citing *State v. De Silva*, 105 Tex. 95, 145 S.W. 330 (1912), and *Texas Liquor Control Bd. v. Jones*, 112 S.W.2d 227 (Tex. Civ.App.—Texarkana 1937, no writ)).

■ The supreme court reaffirmed this position in *Texas Association of Business*. 852 S.W.2d at 850–51. Noting that the sort of regulatory mechanisms erected to prevent and remedy pollution so familiar today did not exist in 1876, the court concluded that suits contesting the assessment of administrative penalties are not analogous to any action tried to a jury in 1876. *Id.* at 851 & n. 22. The court, therefore, held that no right to a jury trial attaches to appeals from administrative adjudications under the Clean Air Act and the Water Code. *Id.* Because section 81.0533(e) is nearly identical to the statutory provisions challenged in *Texas Association of Business*, we likewise hold that EnRe has no

---

**4.** Article I, § 15 states in part, "The right to a trial by jury shall remain inviolate." Tex. Const. art. I, § 15.

right to a jury trial in its suit for judicial review of the Commission's order. We overrule EnRe's second point of error.

**Independent Basis of Jurisdiction**

By its third point of error, EnRe avers that the trial court had jurisdiction over its challenge to the Commission's order independent of the Code's judicial-review provisions. Because we sustain EnRe's first point of error and, accordingly, remand the cause, we need not reach EnRe's argument under its third point.

## CONCLUSION

We reverse the judgment of the district court dismissing EnRe's suit and remand the cause for judicial review of the Commission's order.