EnRe Corp. v. RRC 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-497-CV





ENRE CORPORATION,



 APPELLANT


vs.





RAILROAD COMMISSION OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 491,378, HONORABLE JOE B. DIBRELL, JR., JUDGE PRESIDING



 



 EnRe Corporation ("EnRe") appeals from a district-court judgment dismissing its
suit for judicial review of a Railroad Commission ("the Commission") order assessing civil
penalties and requiring EnRe to plug four oil wells. Concluding that the statutory provisions
authorizing the dismissal are unconstitutional, we will reverse the judgment of the district court
and remand the cause for judicial review of the Commission's order.



THE CONTROVERSY


 Following a public hearing, the Commission issued its final order in Oil and Gas
Docket No. 1-92264 on July 23, 1990. The order required EnRe to plug four wells in Zavala
County and to pay an administrative penalty of $8,000. The Commission denied EnRe's timely
motion for rehearing on August 26, 1990. EnRe timely complied with all the prerequisites for
judicial review of the Commission's order except one: EnRe failed to make a cash deposit or post
bond to cover the penalty assessed. See Tex. Nat. Res. Code Ann. § 81.0533(b) (West Supp.
1993) (the "Code"). EnRe filed its petition for judicial review pursuant to section 19 of the
Administrative Procedure and Texas Register Act ("APTRA") on September 26, 1990. See Tex.
Rev. Civ. Stat. Ann. art. 6252-13a, § 19 (West Supp. 1993). In response to the Commission's
plea to the jurisdiction based on EnRe's failure to prepay the penalty as a prerequisite to judicial
review, the district court dismissed the cause. On appeal, EnRe advances three points of error,
two points attacking the dismissal on constitutional grounds, and the third asserting that the trial
court had an independent basis for jurisdiction over EnRe's claims. 



DISCUSSION


Waiver

 Before reaching the merits of EnRe's constitutional challenges to section 81.0533
of the Code, we must address the Commission's argument that EnRe waived those challenges by
failing to present them in its motion for rehearing before the Commission. We believe this
contention is without merit.

 APTRA provides that, except in the case of emergency orders issued by the agency,
"a motion for rehearing is a prerequisite to an appeal." APTRA § 16(e). This prerequisite is
jurisdictional and cannot be waived by action of the parties. Lindsay v. Sterling, 690 S.W.2d 560,
563 (Tex. 1985). A motion for rehearing must be sufficiently definite to apprise the agency of
the error claimed and to allow the agency the opportunity to correct the error or to prepare to
defend it. Suburban Util. Corp. v. Public Util. Comm'n, 652 S.W.2d 358, 365 (Tex. 1983). An
assumption underlying the specificity requirement is that the agency has the power to rectify the
errors of which the party complains. By its constitutional challenges to section 81.0533, however,
EnRe seeks relief that the Commission is not empowered to give. See Texas State Bd. of
Pharmacy v. Walgreen Tex. Co., 520 S.W.2d 845, 848 (Tex. Civ. App.--Austin 1975, writ ref'd
n.r.e.) (administrative agencies lack authority to determine constitutionality of statutes). Hence,
no sensible reason exists for requiring EnRe to have included those challenges in its motion for
rehearing, and we decline the Commission's invitation to hold otherwise.

 The Commission argues, additionally, that because EnRe did not raise its
constitutional claims within thirty days of the date on which the Commission denied EnRe's
motion for rehearing, the trial court lacked jurisdiction to consider them. We understand the
Commission to mean that a plaintiff in a suit for judicial review of an agency's final order may
not amend its original petition to plead additional causes of action within the trial court's subject-matter jurisdiction. The Commission cites no direct authority for this novel proposition, nor is
this Court aware of any. APTRA section 19(b) states only that "[p]roceedings for review are
instituted by filing a petition within 30 days after the decision complained of is final and
appealable." APTRA § 19(b) (emphasis added). Neither APTRA nor the cases construing it
require the petition instituting review proceedings to be in its final form at the time of filing. 
Therefore, we reject the argument that APTRA's thirty-day time limit for bringing suit for judicial
review precludes a party from amending its pleadings to include non-APTRA causes of action and
conclude that EnRe did not waive its constitutional challenges to section 81.0533 of the Code. 
We turn now to the merits of EnRe's arguments on appeal.



Open Courts

 EnRe directs its constitutional attacks against the penalty-payment and judicial-review schemes established in section 81.0533 of the Code. By its first point of error, EnRe
argues that the prepayment provision of section 81.0533 violates the open courts provision (1) of the
Texas Constitution by unreasonably restricting access to the courts. We agree.

 When the Commission assesses an administrative penalty, the person charged with
the violation must either pay the penalty or file suit for judicial review in district court. Code §
81.0533(b). A supersedeas bond or a cash deposit paid into an escrow account, in the full amount
of the penalty, is a prerequisite to judicial review. Id. A party who fails to make a cash deposit
or to post a bond forfeits all rights to judicial review. Id. § 81.0533(d) (West Supp. 1993).

 Recently faced with constitutional challenges to identical prepayment and forfeiture
provisions in the Clean Air Act (2) and the Water Code, (3) the Texas Supreme Court held that the
legislature cannot require prepayment of administrative penalties as a prerequisite to judicial
review. Texas Ass'n of Business v. Texas Air Control Bd., 36 Tex. Sup. Ct. J. 607, 614 (Mar.
3, 1993); see also State v. Flag-Redfern Oil Co., 36 Tex. Sup. Ct. J. 646, 650 (Mar. 3, 1993)
(holding Tex. Nat. Res. Code § 52.137(a) (West Supp. 1993) violated Tex. Const. art. I, § 13,
the open courts provision). Because sections 81.0533(b) and (d) of the Code are identical to the
provisions at issue in Texas Association of Business, the holding in that case controls here. 

 At oral argument, the Commission defended the prepayment and forfeiture
provisions on the same basis that the state did in Texas Association of Businessthat a penalty
packs less deterrent force if a violator can forestall payment through protracted appeals. Although
we may agree with the logic of this argument, we reject its relevance in this context given the
Code's enforcement mechanism. The Code nowhere suggests that a suit for judicial review stays
execution of an order. Indeed, APTRA section 19(b)(3) expressly provides that a suit for judicial
review does not affect the enforcement of an agency order. Rather, the attorney general, at the
Commission's request, may bring a civil action to enforce the order and recover penalties. Code
§ 81.0534. Because the Commission may seek enforcement of its order regardless of whether an
appeal is pending, the only apparent rationale for the prepayment and forfeiture provisions is to
deter appeals. Although the state may legitimately require a party to prepay the penalty or post
bond if the party wishes to stay execution of the order during appeal, conditioning judicial review
on such requirements does not comport with the open courts provision. Texas Ass'n of Business,
36 Tex. Sup. Ct. J. at 614. Accordingly, we declare section 81.0533(b) of the Code
unconstitutional insofar as it requires a supersedeas bond or cash deposit as a prerequisite to
judicial review. We further declare section 81.0533(d) of the Code, the forfeiture provision,
unconstitutional. We sustain EnRe's first point of error.



Jury Trial

 By its second point of error, EnRe argues that the manner of judicial review set
forth in the Code violates EnRe's right to a jury trial as guaranteed by the Texas Constitution. (4) 
Section 81.0533(e) of the Code provides that judicial review of a penalty assessed under section
81.0531 is by the substantial-evidence rule. Because the manner of review does not include a jury
trial, EnRe insists its constitutional rights are infringed.

 Our constitution assures a trial by jury in those actions, or analogous actions, tried
to a jury at the time the 1876 constitution was adopted. E.g., State v. Credit Bureau, 530 S.W.2d
288, 291 (Tex. 1975). A jury trial is not required for any other judicial proceedings. Hickman
v. Smith, 238 S.W.2d 838, 839 (Tex. Civ. App.--Austin 1951, writ ref'd). The supreme court
observed in Credit Bureau that judicial review of administrative orders does not fall within the
group of adversary proceedings for which a jury trial is constitutionally mandated. Credit Bureau,
530 S.W.2d at 293 (citing State v. De Silva, 145 S.W. 330 (Tex. 1912), and Texas Liquor Control
Bd. v. Jones, 112 S.W.2d 227 (Tex. Civ. App.--Texarkana 1937, no writ)).

 The supreme court reaffirmed this position in Texas Association of Business. 36
Tex. Sup. Ct. J. at 614. Noting that the sort of regulatory mechanisms erected to prevent and
remedy pollution so familiar today did not exist in 1876, the court concluded that suits contesting
the assessment of administrative penalties are not analogous to any action tried to a jury in 1876. 
Id. at 615 & n.22. The court, therefore, held that no right to a jury trial attaches to appeals from
administrative adjudications under the Clean Air Act and the Water Code. Id. Because section
81.0533(e) is nearly identical to the statutory provisions challenged in Texas Association of
Business, we likewise hold that EnRe has no right to a jury trial in its suit for judicial review of
the Commission's order. We overrule EnRe's second point of error.


Independent Basis of Jurisdiction

 By its third point of error, EnRe avers that the trial court had jurisdiction over its
challenge to the Commission's order independent of the Code's judicial-review provisions. 
Because we sustain EnRe's first point of error and, accordingly, remand the cause, we need not
reach EnRe's argument under its third point.



CONCLUSION


 We reverse the judgment of the district court dismissing EnRe's suit and remand
the cause for judicial review of the Commission's order.




 

 Bea Ann Smith, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Reversed and Remanded

Filed: March 31, 1993

[Publish]
1. [1] The open courts provision states in part: "All courts shall be open, and every person for
an injury done him, in his lands, goods, person or reputation, shall have remedy by due course
of law." Tex. Const. art. I, § 13.
2. [2] See Tex. Health & Safety Code Ann. §§ 382.089(a)-(c); 361.252(k)-(m) (West 1992).
3. [3] See Tex. Water Code Ann. § 26.136(j), (k) (West 1988).
4. [4] Article I, § 15 states in part, "The right to a trial by jury shall remain inviolate." Tex.
Const. art. I, § 15.