**CENTRAL POWER AND LIGHT COMPANY, Petitioner,**

v.

**John SHARP, Comptroller of Public Accounts of the State of Texas, and Dan Morales, Attorney General of the State of Texas, Respondents.**

No. 96–0621.

Supreme Court of Texas.

March 21, 1997.

Rehearing Overruled April 18, 1997.

David H. Gilliland, David C. Duggins, L. G. (Skip) Smith, Austin, for Petitioner.

Christine Monzingo, Dan Morales, Austin, for Respondents.

PER CURIAM.

Central Power and Light Company ("CP&L") requested a partial tax refund of its 1990 franchise taxes. The State Comptroller of Public Accounts ("the Comptroller") denied the refund. CP&L filed a tax refund suit in district court, seeking judicial review of the Comptroller's order on numerous grounds, including that section 171.109(b) [1] of the Texas Tax Code violates

---

1. Section 171.109(b) provides:
   Except as otherwise provided in this section, a corporation must compute its surplus, assets, and debts according to generally accepted accounting principles. If generally accepted accounting principles are unsettled or do not specify an accounting practice for a particular purpose related to the computation of surplus,

the state constitutional prohibition against delegation of legislative power to outside authority. *See* TEX. CONST. art. III, § 1 ("The Legislative power of this State shall be vested in a Senate and House of Representatives...."). CP&L did not raise the constitutional issue in its motion for rehearing before the Comptroller.

The Comptroller filed a plea to the trial court's jurisdiction, urging that the trial court lacked jurisdiction over CP&L's unconstitutional delegation claim because CP&L failed to raise it in its motion for rehearing before the Comptroller. CP&L argued that, because the agency could not rule on whether the statute was constitutional, CP&L could raise the issue for the first time in the trial court. The trial court denied the Comptroller's plea to the jurisdiction and subsequently granted the Comptroller summary judgment on the merits. The court of appeals affirmed the trial court's summary judgment. 919 S.W.2d 485, 487. The appellate court further held that the trial court erred by not sustaining the Comptroller's plea to the jurisdiction. *Id.* at 491.

■ The court of appeals correctly stated the general rule that the " 'grounds of error contained in the motion for rehearing [before the agency] are the only issues that may be raised in a suit' seeking a refund of taxes paid." *Id.* at 491 (quoting TEX.TAX CODE § 112.152(a)). A proper motion for rehearing is generally a jurisdictional prerequisite for judicial review of an agency final order. *Vandergriff v. First Fed. Sav. & Loan Ass'n,* 586 S.W.2d 841, 842 (Tex.1979). However, the court of appeals ignored an exception to this rule.

The rationale underlying the general rule requiring a party to raise each ground of error in a motion for rehearing before the agency is to require parties to "apprise the regulatory agency of the error claimed and to allow the agency opportunity to correct the error or to prepare to defend it." *Suburban Util. Corp. v. Public Util. Comm'n,* 652

S.W.2d 358, 365 (Tex.1983). However, implicit in this requirement is an assumption that "the agency has the power to rectify the errors of which the party complains." *EnRe Corp. v. Railroad Comm'n,* 852 S.W.2d 661, 663 (Tex.App.—Austin 1993, no writ).

■ Where, as here, the final agency order is challenged in the trial court on the ground that the underlying statute is unconstitutional, the agency lacks the authority to decide that issue. *See Birdville Indep. School Dist. v. First Baptist Church,* 788 S.W.2d 26, 29 (Tex.App.—Fort Worth 1988, writ denied); *Texas State Bd. of Pharmacy v. Walgreen Tex. Co.,* 520 S.W.2d 845, 848 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.); *see also* 4 K. DAVIS, ADMINISTRATIVE LAW TREATISE 435 (2d ed. 1983) ("When the only issue raised is constitutionality of the statute, a court may decide it without waiting for an administrative proceeding.").

■ Where the agency is powerless to rectify the error claimed, "there is no sound reason for forcing a litigant through the administrative process...." *Texas State Bd. of Pharmacy,* 520 S.W.2d at 848; *see also Foree v. Crown Central Petroleum Corp.,* 431 S.W.2d 312, 316 (Tex.1968). Thus, CP&L's challenge of the Comptroller's order, on the ground that the underlying statute is unconstitutional, was within the trial court's jurisdiction even though CP&L did not raise the constitutional challenge in its motion for rehearing before the agency. Thus, in denying this application for writ of error, the Court disapproves of the analysis of the appellate court on the jurisdictional issue.

The application for writ of error is denied.

---

assets, or debts, the comptroller by rule may establish rules to specify the applicable accounting practice for that purpose.

The Financial Accounting Standards Board, a private entity, establishes generally accepted accounting principles. CP&L argues that the statute thus unconstitutionally delegates legislative authority to a private entity.