ACCEPTED
03-13-00789-CV
8279746
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/17/2015 10:42:31 AM
JEFFREY D. KYLE
CLERK

No. 03-13-00789-CV

# IN THE COURT OF APPEALS
## FOR THE THIRD DISTRICT OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/17/2015 10:42:31 AM
JEFFREY D. KYLE
Clerk

**ALPHONSO CRUTCH LIFE SUPPORT CENTER, INC.,**

*Appellant,*

**v.**

**MICHAEL L. WILLIAMS, COMMISSIONER OF EDUCATION;
HOLLAND TIMMINS, DESIGNEE OF THE COMMISSIONER; AND THE
TEXAS EDUCATION AGENCY,**

*Appellees.*

From the 261st Judicial District Court of

Travis County, Texas

## APPELLANT'S MOTION FOR REHEARING

Appellant submits this Motion for rehearing in response to the opinion issued by the Court on November 30, 2015, and requests that the Court consider the following issues:

1

**Issue 1:** The Court of Appeals erred in ruling that pursuant to Section 7.057 of the Texas Education Code, Alphonso Crutch Life Support Center, Inc. did not have the basis for a direct challenge of the actions of Michael Williams in State District Court.

**Issue 2:** The Court of Appeals erred in ruling that ACLSC waived any rights to challenge the actions of Michael Williams on either a Constitutional or an ultra vires basis.

**Issue 3:** The Court of Appeals erred in ruling that ACLSC must have identified comparators for purposes of bringing a claim under the Equal Protection laws of the State of Texas.

**Issue 4:** The Court of Appeals erred in deciding that ACLSC had no basis to bring a Declaratory Judgment

## A. Introduction

1.    Appellant is Alphonso Crutch Life Support Center, Inc.

2.    Appellant Michael L. Williams, et. al.

## B. Argument and Authorities

**Issue 1:** The Court of Appeals erred in ruling that pursuant to Section 7.057 of the Texas Education Code, Alphonso Crutch Life Support Center, Inc. did not have the basis for a direct challenge of the actions of Michael Williams in State District Court.

**Issue 2:** The Court of Appeals erred in ruling that ACLSC waived any rights to challenge the actions of Michael Williams on either a Constitutional or an ultra vires basis.

**Issue 3:** The Court of Appeals erred in ruling that ACLSC must have identified comparators for purposes of bringing a claim under the Equal Protection laws of the State of Texas.

**Issue 4:** The Court of Appeals erred in deciding that ACLSC had no basis to bring a Declaratory Judgment.

3. The Texas Legislature, in its vision for creating a better and more just society in our State, has adopted the following mission and objectives:

> The mission of the public education system of this state is to ensure that all Texas children have access to a quality education that enables them to achieve their potential and fully participate now and in the future in the social, economic, and educational opportunities of our state and nation. That mission is grounded on the conviction that a

> general diffusion of knowledge is essential for the welfare of this state
> and for the preservation of the liberties and rights of citizens. . . .

Texas Education Code Section 4.001.  All actions of the Education Commissioner and the Texas Education Agency must be guided by this provision.  We would also urge this  court to review its original opinion in light of this provision.  In this case, the decision by Commissioner Williams directly contravened the dictates of this provision of the law.  Students at Alphonso Crutch were in a school that was legally opened but that received no state funding for many, many months and only a symbolic amount in a number of other months.  The decision by Commissioner Michael Williams and the proposal for decision by the State Office of Administrative Hearings violated the provisions of this law on their face.  The decision acknowledged the School received no funding, but held that this was not an issue of relevance in its decision-making.  It held that the Texas Education Agency had the legal authority to not pay funds to a school but apply State Standards to it even though it received no money.  Further,  though the rules in place at the time the litigation was brought and a partial summary disposition was granted would have permitted the consideration of such issues, the Commissioner held that it was appropriate to close the school under a later adopted rule that foreclosed the use of such evidence.  The actions of the Commissioner were challenged on Constitutional and Ultra Vires grounds in the petition, as well as the actions exceeding statutory

4

authority. One can go directly to court under provisions such as Section 7.057 of the Texas Education Code if the challenge is that the action was without, in excess of authority, or contrary to express statutes as was alleged in this case. See *Barrientos v. Ysleta Indep. Sch. Dist.*, 881 S.W.2d 159, 160 (Tex. App. 1994) and *Chastain v. Mauldin*, 32 S.W.2d 235, 237 (Tex. Civ. App. 1930).

An arbitrary action by an administrative agency cannot stand. See *Lewis v. Metro. Sav. & Loan Ass'n*, 550 S.W.2d 11 (Tex. 1977) and *Gerst v. Nixon*, 411 S.W.2d 350 (Tex. 1966). The refusal to consider such evidence, as was evident on the face of both the Proposal for Decision and Commissioner's Decision, is the same issue as the one in *Lewis*. The Agency head has the responsibility to consider all the facts and circumstances in fairness and justice to the competing parties. *Lewis*, *supra*. "In the eyes of the law there is no hearing unless a fair opportunity is afforded the parties to prove their case before an administrative agency. *Lewis*, *supra* at 15. Even though it is not necessary to do so for the court to reach the result we are requesting in this matter; opposing counsel consented to the late filing of the objections to the Proposal for Decision.

4. We would ask the court to look at the import of its decision and the obligations in the interest of our State to educate all of its children and invest them with an interest in supporting and being part of it. Even when we look back at the 19th century, there were instances where discrimination was so drastic that even during

the days of Post Reconstruction, Judges would not give blessings to circumstances that are not much different from what this court has before it now. In *Claybrook v. City of Owensboro*, 16 F. 297 (D. Ky. 1883), the system resulted in Blacks receiving a greatly inferior education and the court held that the system could not be upheld. There are similar decisions in Virginia and Mississippi. See *Davenport v. Cloverport*, 72 F. 689 (D. Ky. 1986); *McFarland v. Goins*, 96 Miss. 67, 50 So. 493 (1909); and *Williams v. Bd. of Educ. of Fairfax Dist.*, 45 W. Va. 199, 31 S.E. 985 (1898). Actions like those in this case have caused federal authorities to become more involved in State actions because the State declines or refuses to do right by African-American citizens. *United States v. Jefferson Cty. Bd. of Educ.*, 372 F.2d 836 (5th Cir. 1966) *on reh'g,* 380 F.2d 385 (5th Cir. 1967). See opinion by Judge Minor Wisdom. For example, it was less than 40 years ago that the Austin Independent School District was forced to desegregate schools to accommodate African-American and Latino students. *U.S. v. Texas*, supra at 916. It seems clear that the State does not wish to live up to *Brown v. Bd. of Educ. of Topeka, Kan.*, 349 U.S. 294, 75 S. Ct. 753, 99 L. Ed. 1083 (1955).

5. Agencies do not make Constitutional decisions, as they are creatures of the Texas Legislature and are not possessed with the power of Article V Courts. See *Cent. Power & Light Co. v. Sharp*, 960 S.W.2d 617, 618 (Tex. 1997); and *Edwards Aquifer Auth. v. Day*, 369 S.W.3d 814, 844 (Tex. 2012) and *City of Dallas v. Stewart*,

6

361 S.W. 3d 562 (Tex. 2012). As such, the courts will make independent decisions in regards to whether the Agency's actions violated either the United States or the Texas Constitution. *Sharp*, *supra* at 918. In a contested case proceeding, for example, there is no obligation to raise a Constitutional issue and such matters may be raised for the first time on appeal or pursuant to a declaratory judgment action. See *Hosps. v. Cont'l Cas. Co.*, 109 S.W.3d 96, 100 (Tex. App. 2003). Further, waiver should not be expected because the Agency has no authority to make a constitutional decision. See *Day* and *Stewart*, *supra*, but see also *Hamilton v. Washington*, No. 03-11-00594-CV, 2014 WL 7458988 (Tex. App. Dec. 23, 2014) and *Mitz v. Texas State Board of Veterinary Medical Examiners*, 2008 Tex. App. LEXIS 8598 (Tex. App.--Austin 2008). The Legislature has not granted the authority to any Texas Agency to engage in constitutional construction, either expressly or implicitly. *Mitz v. Texas State Board of Veterinary Med. Examiners*, 2008 Tex. App. LEXIS 8598 (Tex. App.--Austin 2008) and *Gates v. Texas Dep't of Family & Protective Servs.*, 252 S.W.3d 90, 96 (Tex. App. 2008).

6. The judiciary has the inherent power to determine the constitutionality of an Agency's action, even in instances where the Legislature has not provided for judicial review. *Firemen's & Policemen's Civil Serv. Comm'n of City of Fort Worth v. Kennedy*, 514 S.W.2d 237, 239 (Tex. 1974); and *Chem. Bank & Trust Co. v. Falkner*, 369 S.W.2d 427, 433 (Tex. 1963). Requiring a Plaintiff to know the names

of comparators before filing a lawsuit raises due process considerations and open courts considerations. See Article I Sections 13 and 19 of the Texas Constitution and the 5th and 14th Amendments to the United States Constitutions. Further, there are ways of providing discrimination separate and distinct from having a comparator under the *McDonnell-Douglas* approach. There is the *Reeves v. Sanderson* approach, 530 U.S. 133 (2000), and there is the direct evidence approach *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Moreover, these are not the only ways of raising Equal Protection Issues and litigating them. *Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000). In *Swiekiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), the Court held there were no such heightened pleading requirements in Equal Protection cases. The Court held in *Swiekiewicz* that it would be "incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is uncovered. Notably, the court had the authority to require a re-pleading to the extent there was any defect in the pleading that could be cured. See *C.L. Westbrook, Jr. v. Penley*, 231 S.W.3d 389, 395 (Tex. 2007). The lawsuit raised issues of Equal Protection, Due Process of Law, Ultra Vires and the Unconstitutional application of statutes or statutory authority. These matters are proper subjects for a declaratory judgment action, and ACLSC should have been given an opportunity to provide

8

information and discover more in regards to the Legislative History behind the relevant statutes.

8.    The Appellant wishes to addresses the issues contained in here more and would specifically incorporate the matters, facts, and arguments contained in its Motion for Extension of Time pursuant to TRAP Rule 49.8.

## C. Conclusion/Prayer

9.    For these reasons, Appellant asks the Court to grant its Motion for Rehearing and withdraw or conform its opinion dated 30 November 2015 and/or grant it more time as deemed appropriate by the Court to supplement this Motion for Rehearing.

Respectfully submitted,

**THE BLEDSOE LAW FIRM, PLLC**

By:**/s/ Gary L. Bledsoe**
Gary L. Bledsoe
State Bar No. 02476500
garybledsoe@sbcglobal.net
Alondra Johnson
ajohnson@thebledsoelawfirm.com
State Bar No. 24087801
316 W. 12th Street
Austin, Texas 78701
(512) 322-9992 Telephone
(512) 322-0840 Fax

## CERTIFICATE OF CONFERENCE

I certify that I reached out to opposing counsel and she is opposed.


/s/ **Gary L. Bledsoe**
Gary Bledsoe


## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2013 and contains 1728 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).


/s/ **Gary L. Bledsoe**
Gary Bledsoe

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the following parties via e-service on the 15th day of December and again this 16th day of December 2015.

Beth Klusmann
Assistant Solicitor General
bethklusmann@texasattorneygeneral.com
(512) 936-1914

/s/ **Gary L. Bledsoe**

Gary Bledsoe

11