**Vacated and Remanded and Memorandum Opinion filed January 16, 2025.**



In The

# Fifteenth Court of Appeals

---

## NO. 15-24-00003-CV

---

### AFLOA, LLC, Appellant

### V.

### TEXAS DEPARTMENT OF MOTOR VEHICLES, Appellee

---

**On Appeal from the 455th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-22-006692**

---

### MEMORANDUM OPINION

Appellant AFLOA, LLC appeals from a final order affirming the Texas Department of Motor Vehicles (DMV) October 18, 2022 Order on Rehearing. *See* Tex. Occ. Code § 2301.751. AFLOA requests that we reverse the trial court's order affirming the DMV's order revoking its vehicle-dealer license and assessing a civil penalty as sanctions for violations of applicable laws and regulations. In two issues AFLOA asserts that the DMV's Order on Rehearing was arbitrary, capricious, an abuse of discretion and based on erroneous or false evidence. AFLOA further asserts

the DMV denied AFLOA due process by failing to disclose the evidence upon which it based its decision and that the trial court erred in affirming the DMV's decision.

We hold that AFLOA was required to file a motion for rehearing with the DMV as a prerequisite to seeking judicial review of the DMV's final order. We further hold that the DMV's misrepresentation of the proper procedures to seek judicial review of an adverse order violated AFLOA's right to due process under these circumstances. We therefore vacate the DMV's order and remand to the agency to afford AFLOA an opportunity to seek rehearing.

## BACKGROUND

AFLOA operated a car dealership pursuant to a General Distinguishing Number (GDN) license issued by the DMV. *See* Tex. Occ. Code § 2301.255; Tex. Transp. Code § 503.021. On June 16, 2022, the DMV sent AFLOA a letter enclosing a Notice of Department Decision (Notice) informing it that the DMV had investigated AFLOA's business and determined that it had violated applicable laws through the following alleged acts or omissions: (1) operating as a dealer from a location that did not meet the requirements of an established and permanent place of business; and (2) misuse of buyer's temporary tags. The letter stated:

> If there are circumstances surrounding the allegations that you believe should mitigate any sanction imposed by the Decision you can discuss an informal settlement with the undersigned enforcement attorney. To discuss an informal settlement of the case you **must first request an administrative hearing** as explained in the Decision within twenty-six (26) days from the date of the Decision. **For your convenience, you may use the request for hearing form included in this packet.**
>
> *****
>
> **If you do not request an administrative hearing within twenty-six (26) days from the date of the Decision, the terms and any sanctions contained therein become final.** (emphasis in original)

The enclosed Notice stated that the DMV recommended the assessment of a

2

civil penalty of $500,000 and that AFLOA's GDN license be revoked. The Notice informed AFLOA in bold, underlined type of its right to request a hearing and the procedures for doing so:

**If you wish to contest the allegations, recommended civil penalty, or other sanction you must first request an administrative hearing in writing. You may send your own request for hearing or use the Request For Administrative Hearing form included in this packet.**

*****

**The Department must receive your written hearing request not later than the 26th day after the date of this Decision.**

*****

If you do not request a hearing by the 26th day from the date of this notice, the Department Decision becomes final. After that date the Department may issue a Final Order implementing the Decision.

Attached to the Notice was a form entitled "Request for Administrative Hearing." The first paragraph of that form read, "If you intend to contest the allegations listed in the [Notice] in this matter or negotiate a settlement with the assigned enforcement division attorney you must first request an administrative hearing. You may use this form to request a hearing." The form included lines to check (either yes or no) for whether the person requesting the hearing would "like to discuss a resolution of this case without a hearing." The bottom of the form stated as follows in bold, italicized font: "***This request for hearing must be received at the below address no later than 26 days from the date of the Notice of Department Decision.***"

Attached to the hearing-request form were several pages entitled "Information about the Notice of Department Decision." These pages reiterated that AFLOA could "settle this matter informally and avoid a hearing before an Administrative Law Judge (ALJ) at the State Office of Administrative Hearings (SOAH) by timely

3

filing a request for hearing within 26 days of the date of the Decision and discussing the case with the enforcement attorney." When the DMV determined that the Notice had been returned "unclaimed," the DMV reproduced the Notice and resent it to AFLOA. The record reflects the second notice did not go unclaimed.

On August 31, 2022, the DMV's Director signed a final order finding that AFLOA "failed to submit in writing a request for hearing or to enter into a settlement agreement before the 27th day after the date of the Department's Decision." The Director concluded that such failure deemed the findings and administrative sanction cited in the Decision as final in accordance with 43 Tex. Admin. Code § 215.500. The order notified AFLOA that its GDN license was revoked and that it must cease engaging in business as a motor-vehicle dealer until it secured a new license from the DMV. The order further notified AFLOA that it must pay a civil penalty of $500,000 within thirty days and that AFLOA would no longer be permitted to print temporary buyer's tags. The order was accompanied by a letter informing AFLOA that it may file a motion for rehearing if it disagreed with the DMV's final order.

AFLOA filed a timely motion for rehearing with the DMV in which it alleged that the DMV's allegation that AFLOA printed 673 temporary buyer's tags was erroneous. AFLOA attached documents to its motion for rehearing in which it attempted to establish that 626 of the tags were duplicates and 47 were either sales cancellations or vehicles that had previously been sold by AFLOA. AFLOA requested that the DMV vacate its final order or remand for further proceedings.

AFLOA then explained that its principal, Nabeel "Amin" Hussein, did not understand that he had to request a hearing. Instead, he began an extended process of obtaining information to determine the veracity of the allegations. According to the motion, Hussein and his attorney spent several weeks phoning the DMV, submitting Public Information Act requests, and exchanging emails with the DMV's

4

attorney. As a result of their efforts, they discovered that the DMV's original calculation of excess temporary buyer's tags was due to an error in which the computer system duplicated buyer's tags for some of the vehicles that had been sold.

AFLOA filed a motion for rehearing challenging Finding of Fact No. 4 from the DMV's Decision, which determined AFLOA generated more temporary tags than it reported vehicles sold. AFLOA's challenge was grounded in its discovery that the DMV's calculations were inaccurate. AFLOA did not challenge the DMV's finding that AFLOA operated as a dealer from a location that did not meet the requirements of an established and permanent place of business.

The DMV responded to the motion for rehearing, noting that AFLOA failed to request an administrative hearing after receiving the Notice. The DMV acknowledged its error in calculating the number of temporary buyer's tags alleged to have been generated by AFLOA. As explained by both parties, due to lienholder tags being entered into the system and generated along with buyer temporary tags, some tag reports showed duplicate entries for the buyer and lienholder on the same vehicle. The DMV noted that the revised calculations showed that AFLOA generated 167 temporary tags more than vehicles sold. The DMV requested that AFLOA's motion for rehearing be granted in part to reduce the civil penalty to $167,000.

On October 18, 2022, the DMV issued an Order on Rehearing denying AFLOA's motion for rehearing in part, concluding that AFLOA committed "multiple serious violations including failure to maintain an established and permanent place of business and printing of an excessive number of temporary tags." The DMV also granted the motion in part, noting that the number of excess temporary tags printed was less than the number included in the final order. The DMV reduced the civil penalty from $500,000 to $50,000. The DMV's Order on

Rehearing was also accompanied by a letter from the DMV explaining, "[t]his Order concludes the appeal process at the administrative agency level." The letter went on to instruct that, "[a]ny party that disagrees or is dissatisfied may file an appeal in the state district court of Travis County or the Third Court of Appeals within thirty (30) days from the date the Motion for Rehearing was denied." AFLOA did not file a subsequent motion for rehearing challenging the October 18, 2022 Order on Rehearing.

Instead, on November 17, 2022, AFLOA filed a petition in the trial court requesting judicial review of the DMV's order denying rehearing in part and granting rehearing in part. The trial court held a hearing at which it admitted the administrative record. The court found that the record supported the DMV's Order on Rehearing. This appeal followed.

## ANALYSIS

In two issues AFLOA challenges the October 18, 2022 Order on Rehearing and the trial court's order affirming the DMV's Order on Rehearing. Because the trial court sits as an appellate court in reviewing the DMV's decision, we will address these two issues together.

## I.     Standard of Review and Governing Law

The DMV has the authority to issue, suspend, and revoke licenses, including those issued to independent motor vehicle dealers. Tex. Occ. Code §§ 2301.153(a)(16), 2301.651. The DMV also has the authority to conduct investigations, issue cease and desist orders, and impose civil penalties. *Id.* § 2301.153(a). The DMV has the authority to administer and enforce Texas Transportation Code Chapter 503, which governs issuance of licenses and the right to print temporary buyer's tags. *Id.* § 2301.152(b).

6

Among other requirements, a holder of a license to sell motor vehicles "must demonstrate that the location" from which the dealer will operate under its license "is an established and permanent place of business." Tex. Transp. Code § 503.032(a). One of the ways in which a licensee demonstrates that its location is an established and permanent place of business is to prove that it maintains a permanent furnished office at the location, equipped with a desk, two chairs, internet access, and a working telephone number. *See* Tex. Transp. Code § 503.032(a)(2)(A); 43 Tex. Admin. Code § 215.140(6). The issuance of temporary buyer's tags, including related recordkeeping, is governed by the Transportation Code and DMV regulations. Tex. Transp. Code §§ 503.063, 503.0631; 43 Tex. Admin. Code §§ 215.151, 215.153, 215.155.

Parties may seek judicial review of proceedings under Occupations Code Chapter 2301 in the Travis County district courts or this Court. Tex. Occ. Code § 2301.751(a). If a party seeks review in the trial court before seeking review in this Court, the trial court sits as a reviewing court and may not hear additional evidence. *See* Tex. Gov't Code § 2001.174.

To obtain judicial review of an administrative order, the order must be final and appealable. *See Tex.-New Mexico Power Co. v. Tex. Indus. Energy Consumers*, 806 S.W.2d 230, 232 (Tex. 1991). A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under the Administrative Procedure Act (APA). Tex. Gov't Code § 2001.171; *see also* Tex. Gov't Code § 2001.145(a) (noting when motion for rehearing is prerequisite to appeal in contested case).

## II.    Motion for Rehearing

We first address whether AFLOA exhausted its administrative remedies so as to vest the trial court with jurisdiction to review the DMV's Order on Rehearing. *See*

7

*Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023) ("[T]he court may not reach the merits if it finds a single valid basis to defeat jurisdiction."). AFLOA sought review in the trial court pursuant to section 2301.751 of the Occupations Code, which permits judicial review of a "final order, rule, or decision or other final action of the board" in the manner provided by the APA.

The APA provides "a limited waiver of sovereign immunity" in suits for judicial review if certain statutory prerequisites to suit are satisfied. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004); *see* Tex. Gov't Code § 311.034. These prerequisites include a timely filed motion for rehearing, which must be filed by a party not later than the 25th day after the date the decision or order that is the subject of the motion is signed, unless the deadline is extended. *See* Tex. Gov't Code § 2001.146(a). A decision or order in a contested case is final on the date that the latest filed motion for rehearing is overruled by operation of law, which is 55 days after the date the decision or order that is the subject of the motion is signed. Tex. Gov't Code §§ 2001.144(a)(2)(B), 2001.146(c). Unless otherwise provided, the APA's contested-case and judicial-review procedures apply in agency-governed proceedings. *Mosley v. Tex. Health & Human Services Comm'n*, 593 S.W.3d 250, 258 (Tex. 2019). Multiple statutes expressly provide that the APA does not apply to certain agency proceedings. *See, e.g.*, Tex. Gov't Code § 411.180(a) ("A hearing under this section [relating to handgun licensing] is not subject to Chapter 2001 (Administrative Procedure Act)."); Tex. Lab. Code § 61.058 ("A hearing conducted under this subchapter [relating to wage claims] . . . is not subject to Chapter 2001, Government Code."); Tex. Occ. Code § 2023.106(d) ("A hearing conducted by a steward or judge under this section [relating to racing] is not subject to Chapter 2001, Government Code."). The regulations related to motor vehicles, however, contain no such provision

8

indicating that the APA does not apply to revocation-of-license proceedings. In fact, Section 2301.713 of the Occupations Code, expressly provides that, "[e]xcept as otherwise provided by this section, a party who seeks a rehearing of an order shall seek the rehearing in accordance with Chapter 2001, Government Code." *Id*. § 2301.713(a).

Absent an express statutory provision indicating it is inapplicable, we conclude the APA applies to license-revocation proceedings. *See* Tex. Gov't Code § 2001.001 (providing that "[i]t is the public policy of the state through [the APA] to provide minimum standards of uniform practice and procedure for state agencies . . . and restate the law of judicial review of state agency action."); *Mosley*, 593 S.W.3d at 258 ("[Section 2001.001] is a plain statement of the APA's general applicability to all state agencies and the processes for judicial review of their decisions. The APA's provisions to that effect, which are myriad and voluminous, would be wasted ink if they did not generally apply to all state agencies.").

The APA requires a timely motion for rehearing as a jurisdictional prerequisite to an appeal in a contested case. Tex. Gov't Code § 2001.145(a); *Cent. Power & Light Co. v. Sharp*, 960 S.W.2d 617, 618 (Tex. 1997) (recounting general rule that a rehearing motion is a jurisdictional prerequisite for judicial review of an agency final order); *Lindsay v. Sterling*, 690 S.W.2d 560, 564 (Tex. 1985) ("The requirement of having a motion for rehearing overruled, thus exhausting administrative remedies, is a jurisdictional prerequisite to judicial review by the district court and cannot be waived by action of parties."). Compliance with this statutory prerequisite to suit is necessary to effect a waiver of sovereign immunity. Tex. Gov't Code § 311.034.

An exception to this general rule can be found in Section 2001.146(h)(1) of the Government Code, which provides that a subsequent motion for rehearing is not

required after an agency rules on a motion for rehearing unless the order on rehearing:

> modifies, corrects, or reforms in any respect the decision or order that is the subject of the complaint, other than a typographical, grammatical, or other clerical change identified as such by the agency in the order, including any modification, correction, or reformation that does not change the outcome of the contested case[.]

Tex. Gov't Code § 2001.146(h)(1).

It is undisputed here that AFLOA filed a motion for rehearing following the DMV's August 13, 2022 order. It is equally undisputed that when the DMV Director ruled on the motion for rehearing, the Director denied it in part and granted it in part, finding that the number of temporary buyer's tags listed in the original Notice was excessive and reducing the civil penalty assessed from $500,000 to $50,000. Our record, however, does not contain a subsequent motion for rehearing filed after the Director issued the Order on Rehearing.

Neither party in this case contends that the Director's Order on Rehearing resulted in only typographical, grammatical, or clerical changes. In fact, AFLOA's primary complaint in the trial court centered around the changes in the Order on Rehearing and the lack of evidentiary support or findings for those changes. Because AFLOA failed to file a subsequent motion for rehearing challenging the October 18, 2022 Order on Rehearing, AFLOA failed to exhaust its administrative remedies, in a manner sufficient to invest the trial court with subject matter jurisdiction. *See Mosley*, 593 S.W.3d at 262.

## III.   Due Process

Our holding that AFLOA failed to exhaust administrative remedies does not, in this case, end the inquiry. Because neither party raised the issue of the trial court's jurisdiction in the original briefing, this Court requested that the parties file

10

supplemental briefs on this issue. The State timely filed a supplemental brief requesting remand of this case to the DMV based on the Texas Supreme Court's *Mosley* opinion, which held that the agency's misrepresentation to a party that no additional motion for rehearing was required violated the party's due-course-of-law rights. *See Mosley*, 593 S.W.3d at 263–64.

As the Court recognized in *Mosley*:

The Texas Constitution's due-course-of-law guarantee provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19. It is nearly identical to the Fourteenth Amendment's due-process clause, which provides that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law . . .." U.S. Const. amend. XIV, § 1. "While the Texas Constitution is textually different in that it refers to 'due course' rather than 'due process,' we regard these terms as without meaningful distinction" and thus "have traditionally followed contemporary federal due process interpretations of procedural due process issues." *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).

*Mosley*, 593 S.W.3d at 264.

Applying *Mosley's* two-part test to the case at hand, we first determine whether AFLOA (1) has a liberty or property interest that is entitled to procedural due process protection; and (2) if so, we must determine what process is due. *See Mosley*, 593 S.W.3d at 264. Included among the protected liberty interests is the right "to engage in any of the common occupations of life." *Than*, 901 S.W.2d at 929 (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 572 (1972)). AFLOA therefore meets the first part of the test by asserting its interest in continuing its motor vehicle sales business. As to the second part of the test, due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in

11

a meaningful manner. *Mosley*, 593 S.W.3d at 265.

The procedural history in *Mosley* is similar to the procedural history in the instant case. In that case, Mosley did not file a motion for rehearing before seeking judicial review of an agency's final order after she received a letter from the agency indicating that a motion for rehearing was not required. *Id*. at 256. The Texas Supreme Court affirmed the court of appeals's holding that the trial court lacked subject matter jurisdiction to consider Mosley's appeal, but held that the agency violated Mosley's due-course-of-law rights because "the notice sent to Mosley and the regulation it quoted were so misleading as to prevent Mosley from filing the motion for rehearing that the APA requires." *Id*. at 268. Thus, the Court remanded the case to the agency to allow Mosley to file her motion for rehearing.

Here, the DMV sent its Order on Rehearing to AFLOA accompanied by a letter which stated that "[t]his Order concludes the appeal process at the administrative agency level." The letter further stated that, "[a]ny party that disagrees or is dissatisfied may file an appeal in the state district court of Travis County or the Third Court of Appeals within thirty (30) days from the date the Motion for Rehearing was denied." The letter sent by the DMV in this case, much like the letter sent in *Mosley,* misled AFLOA to believe the Order on Rehearing would become final unless AFLOA filed an appeal in the trial court or the appellate court within 30 days. We hold, as in *Mosley*, that the DMV violated AFLOA's due-course-of-law rights by misleading AFLOA about its appeal rights. *Id*.

Given the DMV's concession that the October 18, 2022 letter did not mention the requirement to file a motion for rehearing and misled AFLOA to believe that no motion was required, we conclude the notice sent to AFLOA was so misleading as to prevent AFLOA from filing a motion for rehearing as required by the APA. Because "the remedy for a denial of due process is due process," we vacate the trial

court's judgment and remand AFLOA's case to the agency to allow AFLOA the opportunity to file a motion for rehearing. *Id*. (quoting *Than*, 901 S.W.2d at 933).

## CONCLUSION

Due to AFLOA's failure to file a motion for rehearing, the trial court lacked jurisdiction to review the DMV's Order on Rehearing. Because the trial court addressed the merits of AFLOA's appeal without jurisdiction to do so, we vacate the trial court's judgment affirming the DMV's Order on Rehearing. Consistent with the relief the Texas Supreme Court granted in *Mosley*, we remand this case to the DMV and direct the DMV to reinstate AFLOA's administrative case to afford it an opportunity to seek rehearing of the agency's October 18, 2022 Order on Rehearing.

<u>/s/ April Farris</u>
April Farris
Justice

Before Chief Justice Brister and Justices Field and Farris.

13