NUMBER 13-02-047-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG
                                                                                                                      
THORA O. ROURK, ET AL.,                                                       Appellants,
 
v.

CAMERON APPRAISAL DISTRICT,                                             Appellee.
                                                                                                                                                                                                                            
On appeal from the 370th District Court of Cameron County, Texas.
                                                                                                     
     
O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Amidei



Opinion by Justice Amidei
          Appellants, Thora O. Rourk, et al.,


 and all others similarly situated, brought a
class action requesting a declaratory judgment that travel trailers and park model
recreational vehicles are personal property and exempt from taxation under article VIII,
section 1(d)(2) of the Texas Constitution, and section 11.14(a) of the Texas Tax Code. 
Tex. Const. art. VII, §1(d)(2); Tex. Tax. Code Ann. § 11.14(a) (Vernon 2001). The
trial court rendered summary judgment in favor of appellee, Cameron Appraisal District,
and this appeal ensued.
         In five issues, appellants claim the trial court erred: (1) in holding that it had no
jurisdiction over their challenge to the constitutionality of appellee’s actions because
appellants failed to exhaust their administrative remedies; (2) in granting summary
judgment for appellee when fact questions exist regarding whether the travel trailers
and park model recreational vehicles were personal property and exempt from taxation
under article VIII, section 1(d)(2) of the constitution; (3) in providing more relief than
was requested by appellee; (4) in denying class certification; and (5) in finding that all
members of the class must exhaust their administrative remedies. 
         We reverse and remand.
Standard of Review
         The court in Garcia v. John Hancock Variable Life Ins. Co., 859 S.W.2d 427
(Tex. App.–San Antonio 1993, writ denied), summarizes the applicable standards for
reviewing a summary judgment as follows:
(1) The movant for summary judgment has the burden of showing that
there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law;
 
(2) In deciding whether there is a disputed material fact issue precluding
summary judgment, evidence favorable to the non-movant will be taken
as true; and
 
(3) Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in its favor.

See id. at 429-30 (citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49
(Tex. 1985); Montgomery v. Kennedy, 669 S.W.2d 309, 310-11 (Tex. 1984)). 
         A defendant pleading an affirmative defense may obtain summary judgment by
(1) disproving at least one of the elements of each of the plaintiff’s causes of action,
or (2) conclusively proving all the elements of the affirmative defense. See Am. Med. 
Elecs., Inc. v. Korn, 819 S.W.2d 573, 576 (Tex. App–Dallas 1991, writ denied); Int’l
Union v. Johnson Controls, Inc., 813 S.W.2d 558, 563 (Tex. App.–Dallas 1991, writ
denied); Lesbrookton, Inc. v. Jackson, 796 S.W.2d 276, 280 (Tex. App.–Amarillo
1990, writ denied).
         When a defendant moves for summary judgment on the basis of an affirmative
defense, he must expressly present and conclusively prove each essential element of
that defense. Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972); City of Houston
v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979); Deer Creek Ltd. v.
North Am. Mortgage Co., 792 S.W.2d 198, 200 (Tex. App.–Dallas 1990, no writ). 
 A defendant moves for summary judgment on the basis of an affirmative defense
when he denies the plaintiff’s right to judgment, even if the plaintiff establishes every
allegation in its pleadings. Highway Contractors, Inc. v. W. Tex. Equip. Co., 617
S.W.2d 791, 794 (Tex. Civ. App.–Amarillo 1981, no writ). Unless the defendant
conclusively establishes its affirmative defense, the plaintiff has no burden in response
to a motion for summary judgment filed on the basis of an affirmative defense. Torres
v. W. Cas. & Sur. Co., 457 S.W.2d 50, 52 (Tex. 1970).
Factual and Procedural Background
         Appellants are individuals with travel trailers and park model recreational
vehicles situated on rented spaces in trailer parks or trailer courts in Cameron County,
Texas.


 Appellee assessed and taxed appellants’ vehicles for ad valorem taxes. 
Appellants challenged the assessment as an unconstitutional violation of article VIII,
section 1(d)(2) of the Texas Constitution,


 and as a violation of section 11.14(a) of the 
Texas Tax Code


 on grounds that appellee incorrectly classified their vehicles as
“manufactured homes.”


 Appellants sued for a declaratory judgment and injunctive
relief, and requested that the case be certified as a class action. 
                                                                                                                            Appellee contested jurisdiction and class certification. Specifically, appellee
sought to have section 11.14(a) of the Texas Tax Code declared unconstitutional and
null and void.


 Appellee argued that appellants’ vehicles were not exempt from
taxation under the constitution because the vehicles were taxable as “manufactured
homes.” In addition, appellee claimed that some of appellants’ vehicles were so
affixed to the real estate they were “improvements” and taxable under section 1.04(3)
of the Texas Tax Code. See Tex. Tax. Code Ann. § 1.04(3) (Vernon 2001).



         Without explanation, comment or specification the trial court held generally the
proposed class was not clearly ascertainable, and class action procedure would alter
the substantive prerequisites of a showing of a de novo appeal pursuant to the Texas
Tax Code as a basis for jurisdiction, and denied class certification. The order denying
certification found that appellants had been misjoined and ordered that any cause of
action which any of the thirty-four named and identified plaintiffs may wish to pursue
against appellee should be separately docketed and tried as separate lawsuits.


 The
summary judgment, entered on the same day as the order denying certification,
ordered dismissal with prejudice any cause of action the thirty-four plaintiffs may have
had against appellee for the tax year 2000, together with any cause of action Ryle
Andrews, George and Fran Wrasse, Vassie Miller, Jerry and Carol Wingett, Elva Broker,
Jewell and Martha Groover, Larry and Mary Gustin and Richard Parker may have had
for the tax year 2001. Further, the summary judgment ordered that appellants take
nothing on their cause of action alleging their “dwelling structures” were exempt from
taxation or that appellee violated the Texas Constitution in the valuation or assessment
of appellants’ “dwelling structures” for purposes of taxation. The trial court did not
rule that tax code section 11.14(a) was unconstitutional.Issues Presented
         Appellants’ first issue contends that the trial court erred in holding that
appellants had failed to exhaust their administrative remedies, therefore, finding that
it had no jurisdiction over appellants’ claims. Appellants claim they have the right to
directly challenge appellee’s actions in adding their vehicles to the tax rolls for ad
valorem tax purposes as an unconstitutional usurpation of the authority of the
Legislature to legislate.


 Also, appellants point out that in appellee’s “Amended
Answer and Original Counterclaim for Declaratory Relief,” appellee sought to have
section 11.14(a) of the Texas Tax Code declared unconstitutional, and they
(appellants) were seeking a ruling on the constitutionality of the Legislature’s action
as well as that of appellee’s. Specifically, appellants argue that (1) section 42.09 of
the Texas Tax Code is not applicable to dismiss their suit because twenty-three of the
thirty-four appellants for the tax year 2000, and seven of the thirty-four appellants for
the tax year 2001 were not invoking the procedure for adjudication of the grounds of
protest under that section, but were instead urging the Texas Constitution as their
authority; and (2) appellee’s denial of tax exemptions on appellants’ vehicles is an
unconstitutional application and construction of section 11.14(a) of the Texas Tax
Code.
         In contrast, appellee claims that the Texas Tax Code procedures for adjudicating
a tax protest are the exclusive remedies available to a property owner. Tex. Tax. Code
Ann. § 42.09(a) (Vernon 2001). In its brief, appellee outlined the procedure for
making a protest and appealing an appraisal review board final order, but appellee did
not contend that all of appellants failed to follow the procedure as a prerequisite to the
filing of this suit. To the contrary, appellee admitted that a number of appellants
(eleven for the tax year 2000 and twenty-seven for the tax year 2001) had perfected
their appeals. Both parties admitted that a certain number of unidentified appellants
did not seek any administrative remedies. 
         The trial court found that it did not have jurisdiction


 and ordered dismissed
with prejudice: (1) any cause of action for the tax year 2000 which any of the thirty-four sets of named and identified plaintiffs may have had against appellee; and (2) any
cause of action for the tax year 2001 which appellants Ryle Andrews, George and
Fran Wrasse, Vassie Miller, Jerry and Carol Wingett, Elva Broker, Jewell and Martha
Groover, Larry and Mary Gustin and Richard Parker may have had. 
         As an initial matter, we note that a violation of a taxpayer’s constitutional right
to an assessment conforming to article VIII, section 1 of the constitution of Texas and
the statutes of this state may be judicially enforced. Parker County v. Spindletop Oil
and Gas Co., 628 S.W.2d 765, 768 (Tex. 1982); Whelan v. State, 155 Tex. 14, 282
S.W.2d 378, 380 (1955); City of Saginaw v. Garvey Elevators, Inc., 431 S.W.2d 575,
579 (Tex. Civ. App.–Fort Worth 1968, writ ref’d n.r.e.); Corrigan Prop., Inc. v. City
of W. Univ. Pl., 430 S.W.2d 917, 919-20 (Tex. Civ. App.–Houston [1st Dist.] 1968,
no writ). Acts that are prohibited or unauthorized by law are subject to taxpayers’
suits for injunctive or other appropriate relief. Deacon v. City of Euless, 405 S.W.2d
59, 64 (Tex. 1966); 70 Tex. Jur. 3d, Taxpayers’ Actions § 2 (2003).
         As a general rule, a party must exhaust his administrative remedies before
seeking judicial review of agency action. See, e.g., Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist., 830 S.W.2d 88, 90 (Tex. 1992). However, the doctrine
has no application when there are pure questions of law involved. See Grounds v.
Tolar I.S.D., 707 S.W.2d 889, 892 (Tex. 1986). Further, the doctrine has no
application where the legal question is one of whether a statute is constitutional:
administrative agencies have no power to determine the constitutionality of statutes. 
Id.; see Tex. Educ. Agency, 830 S.W.2d at 90-91. Accordingly, there is no sound
reason for forcing a litigant through the administrative process when in good faith he
is advancing a substantial complaint that the statute that he is charged with violating
is unconstitutional. Grounds, 707 S.W.2d at 892. The futility of requiring the
exhaustion of administrative remedies in such cases is apparent. Id. It is for this
reason that exhaustion may be excused wherein substantial constitutional questions
are involved. Id.; see Tex. State Bd. of Pharmacy v. Walgreen Tex. Co., 520 S.W.2d
845, 848 (Tex. Civ. App.–Austin 1975, writ ref’d n.r.e.). In other words, “When the
only issue raised is constitutionally of the statute, a court may decide it without
waiting for an administrative proceeding.” 4 K. Davis, Administrative Law Treatise 435
(2nd Ed. 1983) (emphasis added); see Cent. Power & Light Co. v. Sharp, 960 S.W.2d
617, 618 (Tex. 1997). 
         Moreover, we note that the question of whether appellee usurped the
legislature’s authority may be decided in a suit without exhausting administrative
remedies. Cent. Power & Light Co., 960 S.W.2d at 618. Therefore, all of the
appellants may seek judicial review of the constitutional issues and challenge
appellee’s actions in assessing their vehicles, notwithstanding some of them did not
exhaust their administrative remedies. Birdville Ind. Sch. Dist. v. First Baptist Church,
788 S.W.2d 26, 29 (Tex. App.–Fort Worth 1988, writ denied). 
         In the appeal of a case dismissed for want of jurisdiction based on the plaintiff’s
petition, the appellate court must accept as true all the factual allegations in the
plaintiff’s petition. Axtell v. Univ. of Tex., 69 S.W.3d 261, 264 (Tex. App.–Austin
2002, no pet.); see Bland Ind. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000)
(trial court can consider evidence on a plea to the jurisdiction when necessary to
determine jurisdictional facts). Appellants’ petition alleges in pertinent part as follows:
STATEMENT OF FACTS
 
13. The Cameron County Appraisal District under the direction of its
Chief Appraiser has begun within the last few years to appraise travel
trailers and/or park model travel trailers. The travel trailers and/or park
models are placed on r.v. or trailer parks on lots that are rented. 
Typically, title to the real estate lies in another person or entity other than
the Class members. Likewise many of these parks have concrete slabs
upon which the travel trailers and/or park models are placed upon. These
park models or travel trailers are not manufactured homes as defined by
Section 3 of the Texas Manufactured Housing Standard Act, nor are they
held or used for the production of income. These park models or travel
trailers are not permanently affixed to the land and may be removed
when the owner desires to move or vacate the lot. The plaintiffs are
limiting their claims for the tax years of 2000 and 2001.
 
14. The Cameron County Appraisal District is charged by law to prepare
a certified tax roll upon which each taxing unit of the county may then
assess their taxes. In order to avoid multiplicity of lawsuits and filing a
suit against each taxing unit, the appraisal districts unique role permit’s
the granting of all remedies necessary.
 
15. Plaintiffs are limiting their lawsuit to the specific description of the
property which was rendered and assessed by the Cameron Appraisal
District for the years 2000 and 2001. Such descriptions are in the
possession of the Defendant.

Appellee argues that appellants’ allegation their travel trailers were not permanent
fixtures or permanently affixed to realty raises a fact issue thereby preventing the
application of the “pure” question of law exception urged by appellants.
         Whether appellants’ vehicles are permanent fixtures is not a question essential
to appellants’ action. If appellants’ homes are not “manufactured homes,” they are
exempt under section 11.14(a) whether permanently affixed to realty or not. We
disregard such immaterial allegations as surplusage. Am. Mut. Liab. Ins. Co. v. Parker,
144 Tex. 453, 191 S.W.2d 844, 848 (1946); Sekaly v. Hilton, 340 S.W.2d 827,
828 (Tex. Civ. App.–Waco 1960, no writ). Appellee had the burden under its motion
for summary judgment to prove appellants’ vehicles were “manufactured homes” as
defined by the Manufactured Housing Standards Act and were not recreational vehicles
as defined in applicable federal regulations, 24 C.F.R. § 3282.8(g)


 and were
therefore, subject to taxation. Federal regulations defining HUD-code manufactured
homes or mobile homes exclude from the definition of “manufactured homes” any
vehicle meeting the description of appellants’ vehicles, i.e., vehicles designed primarily
as temporary living quarters for recreational, camping, travel, or seasonal use, and not
for use as a permanent dwelling. Therefore, we conclude that the instant issue does
not involve a question of fact.
         We have reviewed appellants’ petition and, taking the relevant allegations as
true, we find the allegations relevant to appellants’ cause of action against appellee for
violation of the Texas Constitution involve substantial constitutional questions of law,
and therefore, appellants were not required to exhaust their administrative remedies. 
See Grounds, 707 S.W.2d at 892. The trial court abused its discretion and made a
reversible error of law by failing to recognize and apply these rules to improperly deny
class certification, to improperly sever some of appellants’ causes of action, and to
improperly dismiss appellants’ cause of action. Tex. R. App. P. 44.1(a)(1). Appellants’
issue number one is sustained.
         In issue number two, appellants claim the trial court erred in granting summary
judgment for appellee because the property in question, i.e., travel trailers and park
model recreational vehicles, is personal property and exempt from taxation under
article VIII, section 1(d)(2) of the Texas Constitution. An appellate court may review
and affirm on any ground the movant presented in its motion for summary judgment. 
Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996). Therefore, in
considering this issue, we will address each of appellee’s grounds for summary
judgment. See id. 
         Appellee’s first ground for summary judgment, which is a direct attack on an
element of appellants’ cause of action, complains that appellants’ vehicles were used
by appellants as “dwellings,” and were not exempt because article VIII, section
1(d)(2), authorizing the exemption of personal property from taxation, excepts property
used and occupied as “residential dwellings.” There was no summary judgment
evidence to prove the property was used as “residential dwellings.” Appellee relies on
allegations in appellants’ petition that the vehicles were “dwellings,” claiming same
were judicial admissions, and that the definition of “dwelling” is the same as
“residential dwelling.” 
         The authorities submitted by appellee define a dwelling as a residence but do
not define a “dwelling” as the same as a “residential dwelling,” and did not construe
the Texas Constitution using both words, “residential dwelling.” Appellee’s authorities
are not close enough on point to support its argument that “dwelling” means the same
as “residential dwelling” as used in article VIII of the Texas Constitution. 
         The applicable federal regulation defining “recreational vehicles”


 which are
excluded from the definition of “manufactured homes,”


 includes vehicles designed
primarily not for use as a permanent dwelling but as temporary living quarters for
recreational, camping, travel, or seasonal use. Therefore, an applicable regulation
recognizes a dwelling can be used as temporary living quarters as opposed to a
permanent dwelling, and illustrates that appellants’ vehicles are temporary living
quarters rather than permanent dwellings. Appellee offered no evidence to the
contrary. While appellants’ pleading could be considered an admission that the
vehicles were used as “dwellings,” the same could not be a “judicial admission” that
the vehicles were used as “residential dwellings.” We disagree with appellee’s
argument on this ground.
         The second ground appellee alleged to support its motion for summary judgment
argued that section 11.14(a) of the Texas Tax Code was unconstitutional because it
somehow improperly enlarged article VIII of the Texas Constitution. A statute is
presumed to be constitutional, and a party opposing a statute has the burden to show
it is unconstitutional. HL Farm Corp. v. Self, 877 S.W.2d 288, 290 (Tex. 1994). 
Appellee uses secton 11.14(a) for the purpose of defeating appellants’ claimed tax
exemption by claiming their vehicles are “manufactured homes.” However, it is a
fundamental rule of constitutional law that a court “will not pass upon the
constitutionality of a statute at the instance of one who had availed himself of its
benefits.” Tex. Architectural Aggregate, Inc. v. Adams, 690 S.W.2d 640, 643 (Tex.
App.–Austin 1985, no writ). Appellee cites no applicable authority, or advances no
substantive analysis to support its argument the statute is unconstitutional. Failure to
cite authority on an issue waives it for appellate review. See Tex. R. App. P. 38.1;
Couch v. Simmons, 108 S.W.3d 338, 343 (Tex. App.–Amarillo 2003, no pet.).
         However, even if there were no waiver, we would conclude that section 11.14
of the Texas Tax Code is constitutional. Appellants cite Nootsie v. Williamson County
Appraisal Dist., 925 S.W.2d 659, 660-61 (Tex. 1996) where the Texas Supreme
Court upheld the constitutionality of section 23.51(1) of the Texas Tax Code against
a challenge from an appraisal district because it changed its interpretation that an
ecological laboratory was an open space under article VIII, section 1(d)(1)(a), entitled
to taxation on the basis of its productive capacity. See id. We agree with appellants
that Nootsie is authority to hold section 11.14 of the Texas Tax Code to be
constitutional.
          Further, we hold that appellee’s attempt to redefine “residential dwelling” while
ignoring the legislative interpretation of the Texas Constitution that only
“manufactured homes” are within that definition, in order to exclude appellants’
vehicles from the exemption of that statute, was an unconstitutional usurpation of the
Legislature’s function under article III, section 1 of the Texas Constitution, which vests
the legislative power of the State in a Senate and House of Representatives. See Tex.
Const. art. III § 1. Article VIII of the Texas Constitution provided the authority for
the Legislature to enact a statute to exempt personal property not held or used for the
production of income. Then the Legislature enacted section 11.14(a) of the Texas Tax
Code to exempt from taxation all tangible personal property other than “manufactured
homes” not held or used for production of income. Appellants’ vehicles are
“recreational vehicles” and not “manufactured homes.” We disagree with appellee’s
argument on this ground.
         Appellee’s third summary judgment ground states that appellants’ vehicles are
so affixed to the land, even land owned by another person, that they should be
considered “improvements” and taxable as real estate under section 1.04(2) and (3)
of the Texas Tax Code. See Tex. Tax. Code Ann. § 1.04(2),(3) (Vernon 2001).


 As
this ground asserts an affirmative defense which is not a direct attack on appellants’
cause of action, we must determine whether appellee proved each element of its
defense as a matter of law. See Garcia, 859 S.W.2d at 430-31. Appellee changes
its position in two respects: (1) that appellants’ vehicles are personal property
residential dwellings as it urged in its first ground; and (2) that section 11.14(a) of the
Texas Tax Code is unconstitutional. 
         There is no question that the State has the jurisdiction to tax all real and tangible
personal property unless exempt by law. See Tex. Tax Code Ann. § 11.01(a) (Vernon
2001) (all real and tangible personal property that the state has jurisdiction to tax is
taxable unless exempt by law). However, the question in this case is whether
appellants’ vehicles are included within the definition of property entitled to an
exemption. To be entitled to the exemption afforded personal property, it is immaterial
whether the property is affixed to the land. 
         To be an improvement as claimed by appellee, appellants’ vehicles would have
to have been so attached to the realty that they could not be removed without
materially damaging the real estate and thus became the property of the owner of the
land. Melendez v. State, 902 S.W.2d 132, 137-38 (Tex. App.–Houston [1st Dist.]
1995, no writ). A three-part test to determine whether a chattel has become an
immovable fixture has been well-established in Texas. That test is: 
(1) Has there been a real or constructive annexation of the property in
question to the realty? 
 
(2) Was there a fitness or adaptation of the article to the uses or
purposes of the realty with which it is connected? 
 
(3) Was it the intention of the party making the annexation that the
chattel should become a permanent accession to the freehold? 

Cantu v. Harris, 660 S.W.2d 638, 641 (Tex. App.–Corpus Christi 1983, no writ). 
Intention is the touchstone of the inquiry, and the first two factors constitute evidence
of intent. Logan v. Mullis, 686 S.W.2d 605, 608 (Tex. 1985). But as between a
landlord and his tenant the strictness of the ancient rule has been much relaxed. 
Harkey v. Cain, 69 Tex. 146, 6 S.W. 637, 638-39 (1887). The law of fixtures as
between landlord and tenant is summarized in Texas Jurisprudence as follows:
Property annexed to or placed on land by a tenant that has not become
a fixture but retains its character as personalty is removable against the
will of the owner of the freehold.
 
A liberal rule prevails in determining whether items that lessees and
tenants place on land have become affixed permanently; as between
landlord and tenant, the tenant is allowed the greatest latitude. Absent
an agreement, the tenant or landlord’s right to an improvement
constructed by the tenant on leased premises generally depends on
whether the tenant intended, at the time the improvement was
constructed, that it be affixed permanently or only temporarily to the
land. There is a further legal presumption that a tenant at will, in
erecting improvements, does not intend to enhance value of the freehold. 
Such a tenant, accordingly, does not have the burden of proving an
agreement and the consent of a landlord to establish his or her right to
remove the improvements.
 
Additionally, as between landlord and tenant, a tenant may remove
during or at the lease term certain classes of property affixed by him or
her, without the consent of the landlord, if the removal can be effected
without material injury to the freehold. These classes include trade
fixtures and items erected for trade purposes combined with other
objects, agricultural fixtures, and fixtures set up for the purpose of
ornament or convenience, or for domestic use. 

41 Tex. Jur. 3d Fixtures § 18 (2003).
         Generally, whether a particular item is a fixture or personalty is a question of
fact, and should be determined by the fact finder. See Melendez, 902 S.W.2d at 137. 
However, if reasonable minds could not differ, the issue is one of law. Id.; see also
Exch. Sav. & Loan Ass’n v Monocrete Pty. Ltd, 629 S.W.2d 34, 37 (Tex. 1982). 
Thus, our task in reviewing this issue is to determine whether reasonable minds could
differ concerning the nature of appellants’ vehicles as realty in this case.
         Appellants do not disclaim ownership of their vehicles, and their landlords do not
claim ownership of the vehicles. Appellee cannot impose a transfer of ownership from
appellants to their landlords in order to collect taxes on the land as well as the
vehicles. Such transfer of title of appellants’ rights to property would be without their
consent, and illegal, and would amount to appellee forcing its will and intent on
appellants. Considering that: (1) appellants’ vehicles are of such nature they were not
part and parcel of the land where they were parked, and could be removed without
injury to the land where parked; (2) the parking spaces are prepared and intended for
such vehicles to move in and move out from time to time; (3) appellants were using
their vehicles in a normal and intended manner; and (4) appellants still own their
vehicles, we conclude that there is a strong inference that appellants did not intend to
permanently affix their vehicles to their rented spaces so they became fixtures and
property of their landlords. It is safe to presume appellants do not intend that, by
hooking up their vehicles, they will cede ownership of the vehicles to the trailer park
operators. See Op. Tx. Att’y Gen. No. JC-1050 (1999). We conclude that reasonable
minds could not differ as to appellants’ intent. We find as a matter of law that
appellants did not intend to affix their travel trailers and park model mobile homes so
that they became “improvements” as defined in section 1.04(3) of the Texas Tax
Code.
         Appellants’ vehicles were “transportable structures” designed to be occupied
for residential or business purposes, whether or not affixed to land, but are not taxable
since they were not owned by the owner of the land on which they were located. See
Tex. Tax. Code Ann. § 1.04(3)(B) (Vernon 2001). If the vehicles were
“improvements,” the owner of the trailer park land, and/or his land should have been
the target of the tax assessor, not appellants, because appellants’ title to the vehicles
would have merged into the landowners’ title to the land. Franz v. Katy ISD, 35
S.W.3d 749, 755 (Tex. App.–Houston [1st Dist.] 2000, no pet.). This did not occur. 
Appellants retained title to the vehicles as personal property. Appellee recognizes
appellants, not the landowners, as the owners of the vehicles.
         Although appellee failed to prove appellants’ vehicles were affixed in such a
manner as to be an “improvement,” the trial court held:
The court also finds that the term improvement is broader than the term
fixture, and that “dwelling structures” are presumed to be affixed to land
and thus improvements to land, such that the defendant has not violated
TEX. TAX CODE §11.01(a) and (b) or §1.04(3) by certifying the dwelling
structures as taxable.

Appellee has not cited authority to support such presumption, and we know of no
such authority. The trial court made a harmful error in making such presumption,
which probably caused the rendition of an improper judgment. Tex. R. App. P. 
44.1(a)(1).
         Appellee’s motion for summary judgment also claims that appellants’ vehicles
are not recreational vehicles but are manufactured homes and not entitled to
exemptions under section 11.14(a) of the Texas Tax Code.
         Appellee’s summary judgment proof does not prove appellants’ vehicles are
“manufactured homes” because there was no proof that they were not recreational
vehicles, as defined by 24 C.F.R. section 3282.8(g), which are excluded from the
definition of “manufactured homes” in article 5221f,§3(9) of the Texas Civil Statutes. 
Specifically, there was no proof: (1) appellants’ vehicles were not permanently
towable by a light truck merely because appellee’s appraiser did not observe a trailer
hitch attached to some of the vehicles, without stating how hard he looked for the
hitch or whether he asked any knowledgeable person whether the hitches were
permanently unhitched from the trailers, or just stored out of sight temporarily; or (2)
appellants’ vehicles were designed primarily for use as a permanent dwelling and not
as temporary living quarters for recreational, camping, travel, or seasonal use. Such
proof was essential to establish appellants’ vehicles were not entitled to a tax
exemption under section 11.14(a) of the Texas Tax Code. 
         On appellate review, a summary judgment is not entitled to the same deference
given to a judgment following a trial on the merits. When reviewing the granting of
a summary judgment, this Court cannot view the evidence in the light most favorable
to the judgment of the trial court. 
         The nonmovant has no burden in response to a motion for summary judgment
based on an affirmative defense when the motion fails to conclusively establish each
element of the affirmative defense. See Garcia, 859 S.W.2d at 429-30. In reviewing
a summary judgment, the question is not merely whether the nonmovant raised a
material fact issue to defeat the motion. Id. Rather, the movant must prove it was
entitled to judgment as a matter of law. Id. Appellee failed to prove it was entitled
to judgment as a matter of law by not proving appellants’ vehicles were
“manufactured homes.” We disagree with appellee’s argument on this ground.
         Because appellee was not entitled to summary judgment, as a matter of law,
notwithstanding there was no genuine issue of material fact, we conclude the trial
court’s error in granting summary judgment for appellee on one or more of appellee’s
grounds for summary judgment probably caused the improper rendition of judgment
and we remand the case for a trial on the merits. See Gibbs, 450 S.W.2d at 828-29;
Tex. R. App. P. 44.1(a)(1). Appellants’ issue number two is granted.
         Appellants’ third issue complains the trial court erred in providing more relief
than was requested by appellee. In view of our rulings on appellants’ first two issues
it will be unnecessary to address and rule on appellants’ third issue. See Tex. R. App.
P. 47.1. 
Class Certification
         In issue number four, appellants claim the trial court erred in denying class
certification, and in issue number five, appellants claim the trial court erred in finding
that all members of the class must exhaust their administrative remedies. Appellee
argues that we should not consider appellants’ issues four and five because appellants’
notice of appeal, while stating the date of the judgment, does not state the date of the
order denying certification. See Tex. R. App. P. 25.1(d)(2). Appellee cites no authority
and does not advance substantive analysis to develop an argument as to why we
should not consider these issues. We consider such failure by appellee to be a waiver
of its argument to prevent us from reviewing the fourth and fifth issues. Tex. R. App.
P. 38.1(h); see Couch, 108 S.W.3d at 343. Even if there were no waiver, and
assuming a defect in appellants’ notice of appeal as alleged, we hold the notice of
appeal as filed was substantially correct. Moreover, since this is a pending appeal
from an interlocutory order, on a party’s motion or on the appellate court’s own
initiative, the appellate court may review a further appealable interlocutory order
concerning the same subject matter. See Tex. R. App. P. 29.6(a)(1). We believe
appellants’ issues four and five should be reviewed, notwithstanding appellee’s
complaint, especially since appellants have not been afforded an opportunity to correct
the defect, if any. Maxfield v. Terry, 888 S.W.2d 809, 810-11 (Tex. 1994)
(dismissing appeal is improper “if appellants timely files a document in a bona fide
attempt to invoke the appellate court’s jurisdiction, [unless] the court of appeals . . . 
allows appellants an opportunity to amend or refile the instrument . . . to perfect the
appeal”).
         In summary, we have ruled: (1) appellants are not required to prove they
exhausted administrative remedies under section 42.09 of the Texas Tax Code; (2)
that appellants’ vehicles as alleged are recreational vehicles, not residential dwellings,
manufactured homes, fixtures, or improvements, and are entitled to the exemption
from ad valorem taxes afforded personal property by article VIII, section 1(1)(d) of the
Texas Constitution and section 11.14(a) of the Texas Tax Code; and (3) the class
definition is sufficient as alleged except the allegations “are not permanently affixed
to realty” are not necessary to the definition and may be eliminated or disregarded as
surplusage. If appellants or future class members prove they owned vehicles within
the class definition during the tax years 2000 and 2001 and paid ad valorem taxes on
their vehicles for either or both years, they are entitled to the relief they seek. If a
prospective class member’s vehicle description is not within the class definition, for
example, if the property is a residential dwelling, manufactured home, a fixture or an
improvement, then he or she could not be admitted to the class.
         A class certification hearing was conducted by the trial court at which the court
was made aware of the following facts:
1. The class would consist of persons who owned travel trailers or
park models;
 
2. The travel trailers or park models were situated on lots not owned
by the travel trailer or park model owners;
 
3. The travel trailers or park models were being subjected to
assessment by the Appraisal District;
 
4. The travel trailers or park models were not manufactured homes;
and,
 
5. The travel trailers or park models were not held or used for
production of income.

The issues which were addressed at the certification hearing included:
1.whether the proposed class definition was ascertainable;
 
2.whether a taxpayer who has not paid the tax could sue; 
 
3.what are travel trailers and park models;
 
4.whether the proposed class would circumvent exhaustion of
administrative remedies under section 42.09 of the Texas Tax
Code;
 
5.the fact travel trailers and park models are clearly identifiable
because the appraisal district has them identified on the tax rolls
and they have titles like motor vehicles, but different from
manufactured homes titles;
 
6.whether travel trailers and park models are recreational vehicles;
 
7.how long some people live in their vehicles;
 
8.whether a person may have two dwellings; and
 
9.the identification of the title certificate to a manufactured home.
 
The trial court’s order denied appellants’ request for class certification because the
proposed class was “not clearly ascertainable” and, without specifying in what
respect, found the claimants had not established the necessary requirements of Rule
42 of the Texas Rules of Civil Procedure. Further, the trial court found as a matter of
law that class action procedure cannot be used to alter the substantive prerequisites
to recovery by conferring jurisdiction over any cause of action which other unidentified
property owners may have had, absent a showing that such other property owners
also properly perfected a de novo appeal pursuant to the tax code or that the court has
some other basis of jurisdiction over any cause of action they may have had.
         On interlocutory appeal from an order that certifies or refuses to certify a class
action, the appellate court does not consider questions related to the merits of the
class claims, nor does it consider the probability of the class’s success on the merits;
however, the appellate court may consider all matters pertaining to class certification
encompassed within the certification order. In re M.M.O., 981 S.W.2d 72, 79 (Tex.
App.–San Antonio 1998, no pet.).
         The threshold inquiry in class determination must be into the parameters of the
proposed class. Intrax Gas Co. v. Beeson, 22 S.W.3d 398, 403 (Tex. 2000). Rule
42 implicitly requires the representative plaintiffs to demonstrate not only that an
identifiable class exists, but that it is susceptible to precise definition. Id. For a class
to be sufficiently defined, it must be precise: the class members must be presently
ascertainable by reference to objective criteria. Id. This means that the class should
not be defined by criteria that are subjective or that require an analysis of the merits
of the case. Id. The following class definition was proposed by appellants:
All individuals located in Cameron County, Texas who own park model
or travel trailers located on r.v. or travel trailer parks, who have been
either previously taxed and/or whom the Cameron County Appraisal
District has sought to appraise for the purpose of placing the park model
or travel trailers on the tax rolls of various taxing entities within Cameron
County, Texas and whose park models and/or travel trailers are not
permanently affixed to realty not owned by them and the travel trailer or
park model are not held or used for the production of income.

This definition is based on objective criteria except for the portion excluding park
models and travel trailers permanently affixed to realty. However, as we concluded
above, any reference to whether the vehicles are permanently attached is not relevant
to appellants’ claim that their vehicles were exempt as personal property, and may be
ignored or deleted. The class members can be easily ascertainable from the
description (and notified) because they are on the tax rolls in Cameron County for the
years 2000 and 2001, the only years appellants are claiming relief. Although we have
analyzed the merits to an extent necessary to address the summary judgment issues,
it was not necessary to a definition of the class. To be included as a member of the
class, to determine the scope of the class, or the maintainability of the class action is
not contingent upon deciding the merits of the suit. Id.; see Intrax, 22 S.W.3d at 404. 
However, that a class is defined with reference to an ultimate issue of causation does
not prevent certification. Mullen v. Treasure Chest Casino, L.L.C., 186 F.3d 620, 624
624 n.1 (5th Cir. 1999). 
         A taxpayer is not required to prepay the tax in order to maintain a taxpayer suit. 
Rylander v. Bandag Licensing Corp., 18 S.W.3d 296, 302-03 (Tex. App.–Austin
2000, pet. denied). Appellants claim they have paid the tax, but whether any class
member has prepaid any or all the tax is immaterial. Id.; see Veltmann v. Slator, 200
S.W. 539, 540 (Tex. Civ. App.–San Antonio 1918) (certified question answered, 110
Tex. 198, 217 S.W. 378 (1919)); 70 Tex. Jur. 3d, Taxpayers’ Actions § 3 (2003).
         As we have already ruled above on appellants’ issues numbers one and two that
appellants’ suit may be maintained without proof of the exhaustion of administrative
remedies under section 42.09 of the Texas Tax Code, and that appellants’ vehicles
were not manufactured homes, residential dwellings, fixtures or improvements to land,
it is not necessary to address the remaining concerns of the trial court and appellee as
to certification.
         Appellants’ proposed class action otherwise meets the prerequisites of Rule 42
of the Texas Rules of Civil Procedure and one or more members of the class may sue
as representative parties on behalf of all. First, the class is so numerous that joinder
of all members is impracticable. Tex. R. Civ. P. 42(a)(1). Appellee does not dispute
appellants’ representation that hundreds, if not thousands, of owners of travel trailers
and park models who fit the definition are in Cameron County. Appellee’s response
to this question is that the taxpayers’ only remedy is for them to protest and exhaust
administrative remedies under section 42.09 of the Texas Tax Code. We have ruled
contrary to appellee’s position by granting appellants’ issues one and two. It would
be impracticable to join all of the members of the proposed class. Chevron U.S.A.,
Inc. v. Kennedy, 808 S.W.2d 159, 161 (Tex. App.–El Paso 1991, writ dism’d w.o.j.)
(there is no hard and fast rule as to number, since numerosity is tied to impracticality
under the specific circumstances). It would not be economically feasible to obtain
relief by the traditional method of a multiplicity of small individual suits, and such
would use up many judicial resources. Id.; see Nissen, 27 S.W.3d at 586.
         Second, there are questions of law or fact common to the class. Tex. R. Civ.
P. 42(a)(2). The issue of law common to all class members is whether appellee
unconstitutionally assessed the members’ vehicles for ad valorem taxation and denied
applicable exemptions from taxation. Questions common to the class are those which,
when answered as to one class member, are answered as to all class members. See
Nissen, 27 S.W.3d at 588. Also, there is the common question of whether all of the
class members are entitled to a declaratory judgment that appellee’s actions in denying
the tax exemptions to class members and taxing their vehicles are unconstitutional and
illegal for the tax years 2000 and 2001, and appellee is prohibited from assessing and
taxing class members’ vehicles in years subsequent to 2001, provided the applicable
law remains unchanged. Rio Grande Valley Gas Co. v. City of Pharr, 962 S.W.2d 631,
643 (Tex. App.–Corpus Christi 1997, pet. dism’d).
         Third, the claims or defenses of the representative parties are typical of the
claims or defenses of the class. Tex. R. Civ. P. 42(a)(3). The class representatives’
claims arise from the same alleged illegal conduct of appellee and arise from the same
statutes. Adams v. Reagan, 791 S.W.2d 284, 290 (Tex. App.–Fort Worth 1990, no
writ). Appellee argues that the amounts of the taxes claimed will be different with
each class member. However, the claims or defenses need not be identical or
perfectly coextensive, only substantially similar. Dresser Ind., Inc. v. Snell, 847
S.W.2d 367, 372 (Tex. App.–El Paso 1993, no writ).
         Fourth, the representative parties will fairly and adequately protect the interests
of the class. Tex. R. Civ. P. 42(a)(4). Appellee argues, without explanation, that 
there is a conflict between the representatives who exhausted their administrative
remedies under the Texas Tax Code and the representatives who did not. However,
there would be no reason for such a conflict because we have ruled in issue number
one herein that it is not necessary to exhaust administrative remedies under the code
in order to maintain this suit.
         An action may be maintained as a class action if the prerequisites of rule 42(a)
are satisfied, and in addition one of the requirements listed in rule 42(b). See generally
Tex. R. Civ. P. 42. Appellants claim the suit is within one or more of the requirements
of rule 42(b) as follows.
         Appellants argue that the prosecution of separate actions by or against
individual members of the class would create a risk of inconsistent or varying
adjudications with respect to individual members of the class which would establish
incompatible standards of conduct for the party opposing the class. Tex. Civ. P.
42(b)(1)(A). The increased number of prospective class members after certification,
added to the number of appellants, together with the actions and theories of appellee,
which we assume would continue if the claims were handled on a one-by-one basis,
would create the risk of inconsistent or varying adjudications with respect to members
of the class thereby establishing incompatible standards of conduct for appellee.
         Appellants further argue that the party opposing the class has acted or refused
to act on grounds generally applicable to the class, thereby making appropriate final
injunctive relief or corresponding declaratory relief with respect to the class as a
whole. Tex. R. Civ. P. 42(b)(2). The continued conduct of appellee being generally
applicable to the class makes final injunctive relief or corresponding declaratory relief
appropriate with respect to the class as a whole.
         Appellants contend that the object of the action is the adjudication of claims
which do or may affect specific property involved in the action. Tex. Civ. P. 42(b)(3). 
The object of this action is the adjudication of claims for tax exemptions on specific
property owned by appellants and involved in this action.
         Appellee claims that appellants failed to specify how they met requirements
under rule 42(b)(1), (b)(2), or (b)(3) and that appellants only claimed under rule
42(b)(4) in alleging that a question of law common to the members of the class
predominated over any questions affecting only individual members, and in alleging
that a class action was superior to other available methods for a fair and efficient
adjudication of the controversy. Appellee claims appellants’ position that the question
of law common to the members of the class is whether their property is exempt from
taxation under the Texas Constitution and not whether their properties are affixed to
land, and considering the wording of the class definition, such question would not
predominate over questions affecting individual members. However, we ruled in issue
number one that if a prospective class member's vehicle meets the class definition, it
is immaterial whether it is affixed to land. The test for evaluating predominance of
common issues required for class certification is not whether common issues
outnumber uncommon issues, but instead whether common or individual issues will
be the object of most of the efforts of litigants and court. S.W. Ref. Co. v. Bernal, 22
S.W.3d 425, 434 (Tex. 2000). 
         We conclude the common predominate issue is whether appellants’ vehicles are
exempt from taxation, not whether they are affixed, and that a class action is a
superior method for a fair and efficient adjudication of the controversy. Further, we
find that this suit encompasses the requirements under rule 42(b)(1)(A), (b)(2), (b)(3),
and (b)(4), and that appellants have complied with rule 42(a) of the Texas Rules of
Civil Procedure and have made a sufficient showing for the trial court to certify the
case as a class action. Class actions by taxpayers against taxing authorities is a
recognized remedy which may be pursued for wrongful assessments. Parker County,
628 S.W.2d at 767-68.
         A class certification order will be reversed only if the record shows a clear abuse
of discretion. Nissan Motor Co. v. Fry, 27 S.W.3d 573, 580 (Tex. App.--Corpus 
Christi 2000, pet. denied). A trial court abuses its discretion if it acts arbitrarily,
unreasonably or without reference to any guiding principles. Id. The trial court failed
to follow guiding principles and abused its discretion in finding appellants were
required to exhaust administrative remedies under the Texas Tax Code in order to
maintain this suit and in finding that appellants’ vehicles were either improvements to
land or manufactured homes. This error of law is reversible as it probably caused the
rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1). Appellants’ issues
number four and five are granted. 
         Accordingly, the summary judgment, the order denying class action certification,
and the severance order, are reversed and remanded to the trial court for proceedings
consistent with this opinion.

                                                               _______________________________
                                                               MAURICE AMIDEI, JUSTICE
                                                               (ASSIGNED)


Opinion delivered and filed this
the 4th day of March, 2004.